ADDISON A. REEVE *vs.* HERBERT E. DENNETT.

Suffolk. Nov. 12, 13, 1885. — Feb. 26, 1886. DEVENS & GARDNER, JJ., absent.

At the trial of an action upon a declaration containing counts in contract for money lent upon a pledge of shares of stock in a corporation formed to promote the use in dentistry of an invention, and counts in tort for false and fraudulent representations, after the plaintiff had elected not to go to the jury upon the counts in tort, and the judge had ordered the testimony of a witness, impeaching the value of the invention, to be stricken out, the plaintiff called the defendant as a witness, and was allowed to ask him if, prior to a certain date, dentists were coming in from all parts of the country and using the invention; and the defendant answered that he did not think they were. On cross-examination, after testifying to his long experience as a dentist, the defendant was asked by his counsel certain questions tending to show that the invention was valuable; but these questions were excluded. *Held,* that the defendant had good ground of exception.

CONTRACT for money lent upon a pledge of shares of stock in the Dennett Dental Naboli Company, a corporation formed to promote the use in dentistry of an invented compound called naboli; with counts in tort for false and fraudulent representations. After the former decision, reported 137 Mass. 315, the case was tried in the Superior Court, before *Staples,* J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. Gaston & D. E. Ware,* for the defendant.

*R. M. Morse, Jr.,* (*W. H. Towne* with him,) for the plaintiff.

C. ALLEN, J. After the plaintiff had elected not to go to the jury on the fourth and fifth counts, which were in tort, and the court had ordered Dr. Wetherbee's testimony, impeaching the value of the invention, to be stricken out, the plaintiff called the defendant as a witness, and was allowed, under exception, to ask him if, prior to May 11, 1880, dentists were coming in from all parts of the country and using naboli; and the defendant answered that he did not think they were. On cross-examination, after testifying to his long experience as a dentist, the defendant was asked by his counsel certain questions tending to show that the invention was valuable; but these questions were excluded. It seems to us that, by this course, the defendant's rights were not fully preserved. If the question of the value

of the invention had become immaterial by reason of the abandonment of the fourth and fifth counts, as seems to have been assumed at the trial, then the plaintiff's question to the defendant should have been excluded. It does not appear to have been by way of cross-examination of an adverse party, to test his accuracy or credibility, but it was rather a question calling for a distinct matter of fact, and the answer to it, in the posture of the case at the time, would naturally affect the minds of the jury as to the merits of the case. If, on the other hand, the question of the value of the invention still remained material, as bearing upon the probability of the views taken by the respective parties as to the transaction between them, then the questions put to the defendant by his counsel ought to have been allowed.                         *Exceptions sustained.*