(February 28, 1918.)

## LAURA ALLEN, Plaintiff, v. J. FRED WILLIAMS, Superintendent, Industrial Training School, Defendant.

[171 Pac. 493.]

HABEAS CORPUS — PROCEDURE ON — PLEADING — CONSTITUTIONAL LAW—
DUE PROCESS OF LAW—INFANTS—RIGHT TO CUSTODY OF—JUVENILE
DELINQUENTS—SUMMARY PROCEEDINGS TO COMMIT.

1.  Upon a summary statutory proceeding to commit a delinquent child to an industrial school, under the recognized rules of legal procedure the parents are not bound by the judgment, and none of their legal rights is precluded.

2.  The right of the parent to the custody of an infant may be presented and determined upon a *habeas corpus* proceeding.

3.  The parent or guardian of a child removed from his custody is not denied due process of law if an adequate remedy is available by which he may afterward have his rights presented to a proper tribunal and determined.

4.  In *habeas corpus* proceedings, the return takes the place of the complaint, and the answer may traverse the allegations of the return and contain affirmative matter.

[As to matters to be considered in determining the custody of a child on *habeas corpus*, see note in **Ann. Cas.** 1914A, 740.]

Original proceeding for writ of *habeas corpus*. Writ issued and return made. Writ quashed and petition therefor denied.

Edens & Anderson, for Plaintiff.

"Parents should not be permanently deprived of the custody of their children and the right to act as their legal guardians even though the custody of the child must for good reasons be temporarily surrendered, except in strict accordance with law and under circumstances where such deprivation is fully warranted." (*Ex parte Martin*, 29 Ida. 716, 161 Pac. 573.)

"If the parent is not made a party to the hearing and proceeding, under all recognized rules of legal procedure he is

clearly not bound by the judgment and none of his rights are precluded." (*Ex parte Sharp,* 15 Ida. 120, 96 Pac. 563, 565, 18 L. R. A., N. S., 886; *Ex parte Becknell,* 119 Cal. 496, 51 Pac. 692; *Mill v. Brown,* 31 Utah, 473, 120 Am. St. 935, 88 Pac. 609, 614.)

Mere cognizance of the fact that a suit has been brought is not notice in the sense of due process. (23 Cyc. 684.)

Mere actual presence at the hearing will not cure this defect of notice, if no part is taken in the proceedings. (*Seifert v. Brooks,* 34 Wis. 443; 12 C. J. 1227, 1228, 1234.)

T. A. Walters, Atty. General, A. C. Hindman and J. P. Pope, Assistants, for Defendant.

If the petitioner believed that she had been unlawfully deprived of the custody of her child, and that the probate court had acted irregularly or had in any manner exceeded its authority, her remedy was by appeal. (*Ex parte Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886.)

"*Habeas corpus* cannot be resorted to or employed as an appellate remedy, or for the purpose of reviewing or correcting errors." (*In re Davis,* 23 Ida. 473, 130 Pac. 786; *In re Knudtson,* 10 Ida. 676, 79 Pac. 641; *Ex parte Fowler,* 5 Cal. App. 549, 90 Pac. 958.)

All that the court can inquire into in this case is whether the probate court of Bannock county has jurisdiction to commit delinquent children to the Industrial Training School, and whether the order of commitment is regular on its face. (*Ex parte Long,* 114 Cal. 159, 45 Pac. 1057; *Ex parte Stephen,* 114 Cal. 278, 46 Pac. 86; *Ex parte Hollis,* 59 Cal. 405.)

RICE, J.—This is an original proceeding in this court, instituted by Laura Allen to procure the issuance of a writ of *habeas corpus* directed to J. Fred Williams, superintendent of the State Industrial Training School, by which it is sought to procure an adjudication of the right to the guardianship, custody and control of Viola Boyd, minor child of plaintiff.

The petition alleges that Viola Boyd is illegally detained from petitioner by reason of her commitment to the school by the probate judge of Bannock county, and that the commitment is invalid in that it is in violation of the right of petitioner, as parent and natural guardian of the child, and made without any notice or process to petitioner and without petitioner having her day in court. There are other allegations in the petition, setting forth additional facts intended to show the unlawfulness of the detention.

The plaintiff further avers, as a reason for filing the petition in this court, that, on October 29, 1917, she filed a petition for writ of *habeas corpus*, based upon practically the same grounds, in the district court of the ninth judicial district of the state, in and for the county of Fremont; that an order was thereupon made issuing a writ returnable November 1, 1917, and that upon the return and the hearing thereon, the court did erroneously and unlawfully decline and refuse petitioner any relief thereon, denying the writ and remanding the child to the custody of the defendant.

The plaintiff further alleges that she is advised that she has no remedy except by application to this court in the manner pursued in this case.

. A writ from this court was issued, and the defendant made his return showing that he held the child under and by virtue of a commitment of the probate court of Bannock county, in which court she was adjudged to be a juvenile delinquent. The return also denied that the plaintiff, Laura Allen, the parent and natural guardian of the child, was not present in court at the time said commitment proceedings were had, but, on the contrary, alleged that she had full knowledge of the proceedings and was present in court when said commitment was made.

The statute under which Viola Boyd was committed was before this court in the case of *In re Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886. The law was there held to be constitutional. It was further held in that case that if a parent is not made a party to the hearing and proceeding, under all the recognized rules of legal procedure he is

clearly not bound by the judgment and none of his rights is precluded. (See, also, *Farnham v. Pierce*, 141 Mass. 203, 55 Am. Rep. 452, 6 N. E. 830.)

Plaintiff demurred to the return, and it is suggested that it is thereby admitted she was present in court when the commitment was made. Conceding this to be true, her presence in court is not sufficient. Provision must be made whereby she may defend her rights if the judgment is to be conclusive as to her. No such provision is made by our statute. The action of the probate court established the status of the child. Plaintiff, never having had her day in court, is entitled to resort to an appropriate remedy in order to have her rights adjudicated. *Habeas corpus* appears to be an appropriate remedy. (*State v. Kilvington*, 100 Tenn. 227, 45 S. W. 433, 41 L. R. A. 284.)

In the case of *Andrino v. Yates*, 12 Ida. 618, 87 Pac. 787, this court said: "This is not the case of an adult appealing to the aid of *habeas corpus* to obtain his freedom from illegal restraint, but the writ in this case was granted to inquire whether the plaintiff was entitled to the custody of said minor child. The proceeding is not for the purpose of setting the child free, but to determine whether the petitioner is entitled to its custody, and the correct view or rule is that the jurisdiction of the question of the custody of a child under a writ of *habeas corpus* is of an equitable nature, and courts are given large discretion in the matter."

In this action the right of the parent to the custody of the infant may be presented and determined. The order of the court in such a case is discretionary, and in the exercise of this discretion, in determining to whom the custody of a child shall be awarded, courts will look both to the present and future interests and welfare of the child. It has been said that this rule is the "pole star" by which courts are guided in such cases.

The commitment of a juvenile delinquent by the probate court, under our statute, does not therefore leave the parent remediless, but, on the contrary, he has ample opportunity to present and have adjudicated his right to the custody of

his child. We do not say that a writ of *habeas corpus,* though an appropriate remedy, is the only one available for a parent in such circumstances.

The plaintiff is proceeding under the impression that due process of law requires that the determination of the parent's rights to the custody of his child must precede any interference therewith. This view cannot. be sustained. Our statute was enacted as a matter of protection to the child and for the welfare of the state. The legislature in enacting this law no doubt saw the wisdom of prompt commitment of a child who is upon the high road to becoming a moral degenerate and perhaps a future charge upon and a disgrace to the state. To drag such a case through a lengthy and formal criminal or civil proceeding, without prompt detention and commitment of the child, would in many cases thwart the object of the law. It might in many cases be a matter of high importance that action be taken without delay.

The legislature having determined that a summary proceeding was necessary, requiring the immediate taking of children into custody in the interests of their moral welfare and education and as a protection to the state, the parent or guardian of a child removed from his custody is not denied the due process of law if an adequate remedy is available by which he may afterwards have his rights presented to a proper tribunal and determined. Many instances which are more or less analogous in principle might be cited in support of this conclusion. We quote the following from McGehee on due Process of Law, p. 372:

"Necessity, not to dispense with altogether, but to postpone hearing, may exist in the case of the destruction of houses in the path of a conflagration or of infected articles or animals. Delay, before the destruction of the property condemned, for the purpose of giving notice, and it may be to ascertain who are the parties whose interests will be affected, and further delay for such hearing as the parties may think necessary for the protection of their interests, might defeat all beneficial results from the contemplated action. Having regard to the necessities of this class of cases

then, and adjusting the requirements of notice and hearing to it, it is held that local authorities may, when the necessities of the case justify this action, proceed to condemn property and destroy it as a nuisance in advance of notice or a hearing. But the property owner has a right to have a judicial determination of the validity of the regulation and existence of the nuisance upon a review of the matter in the courts. The *ex parte* determination of the local authorities cannot be made conclusive.''

Summary proceedings of a like nature have been upheld in many jurisdictions. (*Weber v. Doust*, 84 Wash. 330; 146 Pac. 623; *Mill v. Brown*, 31 Utah, 473, 120 Am. St. 935, 88 Pac. 609; *State v. Children's Home*, 10 N. D. 493, 88 N. W. 273, *Reeve v. Dennett*, 141 Mass. 207, 6 N. E. 378; *State v. Brown*, 50 Minn. 353, 36 Am. St. 651, 52 N. W. 935, 16 L. R. A. 691; *Prescott v. State*, 19 Ohio St. 184, 2 Am. Rep. 388.)

In the case of *Jain v. Priest*, 30 Ida. 273, 164 Pac. 364, we held that a judgment of a district court in a *habeas corpus* proceeding, involving the custody of a minor child, is a final judgment in a proceeding of a civil nature, and that an appeal lies from the district court to this court.

In the case of *Cormack v. Marshall*, 211 Ill. 519, 71 N. E. 1077, 1 Ann. Cas. 256, 67 L. R. A. 787, it was held that issues of fact involved in *habeas corpus* proceedings, involving the custody of a child, when adjudicated, became *res judicata*, and that a judgment in such a case is a bar to another *habeas corpus* action in the same court or in another court where the facts involved are the same as those previously adjudicated. This case is in line with the great weight of authority, and many cases are cited and discussed in the opinion.

The record presented in the case at bar, disclosing as it does that plaintiff originally called into exercise the jurisdiction of the district court, an orderly course of procedure would require that the plaintiff do not abandon her action in the district court, but that she proceed to a determination of all the issues involved in that court, and if dissatisfied

with the final judgment therein rendered she may bring the whole matter to this court for review on appeal.

Inasmuch as the time for appeal to this court from the judgment rendered and entered in the court below has expired during the time this court has had the matter under consideration, and in view of the fact that the custody and welfare of a minor child, and one of the most sacred rights of a parent, are involved in this proceeding, relief may be had and the judgment of the district court set aside upon a proper showing being made under the provisions of Rev. Codes, sec. 4229.

Upon such relief being granted, we quote from the case of *Ex parte Collins,* 151 Cal. 340, 129 Am. St. 122, 90 Pac. 827, 91 Pac. 397, as to the procedure to be employed:

"The function of the petition is to secure the issuance of the writ, and, when the writ is issued, the petition has accomplished its purpose. The writ requires a return by the officer or other person having the custody of the prisoner. To such return the petitioner may present exceptions, raising questions of law, or a traverse, raising issues of fact, or both. Where the return is not subject to exception—that is, where it sets forth process which on its face shows good ground for holding the prisoner, such process being produced at the hearing (Pen. Code, § 1480), and the traverse alleges matter tending to invalidate the apparent effect of such process— the burden of proving such new matter is on the petitioner. The remarks *In re Smith,* 143 Cal. 368, 77 Pac. 180, are to be taken as referring only to the case where, by agreement of the parties and the consent of the court, the petition is treated as a traverse to the return, and its averments are not disputed. This course has frequently been followed in this court; but, where it is followed, it does not require the respondent to file, in addition to the return, a pleading specifically denying the affirmative allegations of the petition (treated as a traverse), nor does it shift the burden of proof as to such allegations from the petitioner to the respondent. To adopt the analogy of pleadings in civil actions, the return is the complaint, and the traverse is the answer; new matter

set up in the traverse is deemed denied, and must be proved by the party alleging it.'' (See Rev. Codes, secs. 8347 and 8351.)

The district court will have power to require the defendant to make proper return to the writ, setting forth not only the authority under which he has the custody of the child, but also the reasons, if any there be, why the plaintiff is not a suitable person to have the guardianship and custody of her daughter. The plaintiff will thereupon make such answer to the return as she may be advised is necessary; and the case may be tried upon the issues so framed.

The writ issued by this court will be quashed and the petition denied.

Budge, C. J., and Morgan, J., concur.