(October 28, 1921.)

A. M. MARTIN and MRS. A. M. MARTIN, Appellants, v. W. D. VINCENT, Superintendent, Idaho Industrial Training School, Respondent.

[201 Pac. 492.]

CUSTODY OF MINOR CHILD—HABEAS CORPUS—RETURN TO THE WRIT.

    1. In a *habeas corpus* proceeding, instituted by parents to recover the custody of their minor child, it is incumbent upon one detaining the body of the child in his return to the writ to show facts sufficient to justify his detention under the law. The fact that the person making the return is an officer of the state, and superintendent of one of its institutions, does not relieve him from assuming the burden.

2. Where a child has been committed by the probate court to the Idaho Industrial Training School and its parents sue out a writ of *habeas corpus* for the purpose of recovering the custody of the child, subdivision 2 of C. S., sec. 9280, applies, and the superintendent of the institution must in his return to the writ state the authority and cause of such imprisonment or restraint. The return must be sufficient to justify the child's detention as against the claims of the parents.

3. A *habeas corpus* proceeding instituted by parents seeking to regain the custody of their child committed by a probate court to the Idaho Industrial Training School is not a collateral attack upon the commitment.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

*Habeas corpus* by parents to obtain custody of minor child. *Writ granted.*

Jas. F. Ailshie, Ray Agee and Jas. F. Ailshie, Jr., for Petitioners.

In *habeas corpus* proceedings, by the parents for the custody of their child held under commitment as a delinquent, the return takes the place of the complaint and it must show the reason, if any there be, why such parents are not suitable and competent persons to have the custody of such minor. (*Allen v. Williams*, 31 Ida. 309, 171 Pac. 493; *Ex parte Collins*, 151 Cal. 340, 129 Am. St. 122, 90 Pac. 827, 91 Pac. 397.)

Publisher's Note.

2. Welfare of child as primary consideration in determining right to its custody on *habeas corpus,* see notes in **Ann. Cas.** 1914A, 740; 41 **L. R. A., N. S.,** 564.

3. *Habeas corpus* decree as to custody of infant as *res judicata,* see notes in 1 **Ann. Cas.** 260; 11 **Ann. Cas.** 129; **Ann. Cas.** 1912D, 361; **Ann. Cas.** 1916D, 511; 67 **L. R. A.** 783; 49 **L. R. A., N. S.,** 83.

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

The court did not err in overruling petitioners' demurrer to the return to the writ. (*Allen v. Williams,* 31 Ida. 309, 171 Pac. 493; *Ex parte Sharpe,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886; 12 R. C. L., sec. 53, p. 1236; *In re Moyer,* 35 Colo. 159, 117 Am. St. 189, 85 Pac. 190, 12 L. R. A., N. S., 979; sec. 9280, C. S.)

The original commitment of a minor under the delinquency laws cannot be collaterally attacked in a proceeding of this nature. (*Allen v. Williams, supra; Ex parte Hinkle,* 33 Ida. 605, 196 Pac. 1035.)

RICE, C. J.—Appellants filed a petition in this court, setting forth that respondent wrongfully detained their minor son, Dean Martin, in the Idaho Industrial Training School and unlawfully deprived them of his custody. This court issued the writ, and ordered that it be made returnable before the district court of the eighth judicial district at Coeur d'Alene.

The material issues in that court are the following: Respondent in his return alleged that he detained the body of Dean Martin, as Superintendent of the Idaho Industrial Training School, and not otherwise, under and by virtue of an order of commitment duly made and entered by M. G. Whitney, acting in his official capacity as judge of the probate court of Kootenai county. The appellants demurred to the return on the ground that it did not state facts sufficient to warrant respondent in retaining the custody and control of the body of Dean Martin as against the appellants. The demurrer was overruled. In their answer, appellants denied that the order of commitment made by the probate judge had any force or effect as against themselves as justifying the detention of the body of Dean Martin by respondent. They further answered that they were respectively the father and mother of Dean Martin, a minor of the age of fifteen years, and that he had always lived and re-

sided with them and had been under their care, custody and parental control at all times prior to the date of his commitment; that no guardian for him had ever been appointed by an order of any court; that on or about the twenty-sixth day of February, 1921, the probation officer of Kootenai county wrongfully and unlawfully arrested Dean Martin, and thereupon took him before the probate court, which court made a pretended order committing him to the Industrial Training School; that the order was not binding upon the appellants, and had no validity or effect whatsoever as against them, or either of them, as parents and natural guardians of said minor. A hearing was had upon the issues thus framed. The district court filed its findings of fact and conclusions of law and denied the writ. An appeal was taken to this court.

After argument upon appeal, this court directed the writ to issue, and that the minor be returned to the custody of his parents.

The demurrer to the return should have been sustained.

In the cases of *In re Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886, and *Allen v. Williams,* 31 Ida. 309, 171 Pac. 493, it was held that the parents are in no way bound by the action of a probate judge in committing a juvenile delinquent to the Idaho Industrial Training School. It was pointed out in those cases that the parents are entitled to their day in court, and that to hold a commitment of a minor child by the probate judge to be binding upon the parents, without their having been provided an opportunity to be heard, would render the juvenile delinquent law unconstitutional.

The right of a parent to the custody, control and society of his child is one of the highest known to the law. The family is a unit of society and is so recognized by the state. The parents of children are recognized as their natural guardians, and the presumption is that they are fit and proper persons to exercise that trust. It is incumbent upon him who seeks to invade the home and remove a child from its protec-

tion, and from the custody of its natural guardians, to show facts sufficient to justify his action under the law.    Parents are not required in the first instance to take upon themselves the burden of proving their fitness to have the care of their children, or that they are properly exercising their parental control.    The fact that the one seeking to justify the detention of a child is an officer of the state, and superintendent of one of its training schools, in no way relieves him from the burden of showing facts which justify his action, in a case where parents are claiming their right to the child. Before the state will take a child from its parents and commit it to one of its institutions, it takes upon itself the burden of showing the existence of facts and conditions to justify its intervention.    The commitment is not a justification where parents are seeking to have their rights determined.    The judgment of a probate court declaring a child a juvenile delinquent is not in any sense an adjudication or an estoppel against them.

Counsel for respondent contend that the return of respondent is in strict compliance with the law.    C. S., sec. 9280, on which they rely, is in part as follows:

"The person upon whom the writ is served must state in his return, plainly and unequivocally:

"1. Whether he has or has not the party in his custody, or under his power or restraint.

"2. If he has the party in his custody or power, or under his restraint, he must state the authority and cause of such imprisonment or restraint.

"3. If the party is detained by virtue of any writ, warrant or other written authority, a copy thereof must be annexed to the return, and the original produced and exhibited to the court or judge on the hearing of such return. . . . . "

In a case such as this, where application for the writ is made by the parents of a minor child committed merely as a juvenile delinquent, subdivision 2 of the section is applicable and the return must state the authority and

cause of such imprisonment or restraint. This is true because parents are new parties and the person making the return must justify his detention as against their claims.

Counsel for respondent also call attention to C. S., sec. 6711, which is as follows:

"In pleading a judgment or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction."

As applied to cases of this nature, we think this statute provides that in the answer to the writ the parents of the child may traverse the statement in the return that the officer detains the body of the child under the authority of an order of commitment duly made. If such an issue be raised, then of course the defendant must show the jurisdictional facts in the proceeding which resulted in the commitment.

Counsel for respondent also contend that the commitment of Dean Martin cannot be attacked collaterally in a proceeding of this nature. Upon this question we express no opinion. The case at bar is not a collateral attack upon the commitment. It presents new issues. If it be true, as suggested by counsel, that in considering the new issues it will become necessary to try anew in a different tribunal the same matters considered by the probate court in the proceeding which resulted in the commitment, the conclusive answer is that the parents are entitled to have these questions tried anew. Due process of law requires that they be accorded their day in court, with opportunity afforded to present their case and defend their rights.

The court found, among other things, that the appellants were honorable and law-abiding citizens and able to take care of and provide for Dean Martin, who is their youngest child. Under this state of the record the district court should have issued the writ.

It is true that the court also found that Dean Martin was an incorrigible boy, and an habitual truant from school. This finding was not responsive to any issue tendered by the return, and we do not feel called upon to examine the evidence critically to determine whether it supports the finding. In justice to Dean Martin, however, it should be stated that there is much evidence in the record to the effect that he is a fine, manly boy. There is no evidence in the record that he is growing up in immorality and crime, and that he knowingly associates with immoral persons. It also appears that at the time he was arrested and committed his parents had made arrangements to enter him in the Lyon School at Spokane, and also that they are willing to make arrangements to place the boy under the care of a competent instructor, so that he may acquire an education sufficient to comply with the laws of this state.

For the reasons set forth above, this court entered its order directing the return of Dean Martin to the custody of his parents.

Budge; McCarthy, Dunn and Lee, JJ., concur.