### GALINDEZ v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
May 17, 1926.

No. 2017.

1. **Witnesses ⬅266—Counsel for each of two defendants held entitled to cross-examine government's witnesses (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

In prosecution of two defendants for violating National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), in which defendants were represented by different counsel, counsel for each defendant had right to cross-examine government's witnesses.

2. **Criminal law ⬅1170½(5)—Refusal to allow cross-examination of government's witnesses by counsel for each defendant is prejudicial error, unless it appears beyond reasonable doubt that defendants' rights were not prejudiced (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

In prosecution of two defendants for violating National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), refusal to allow counsel for each defendant to cross-examine government's witnesses is prejudicial error, unless it appears beyond reasonable doubt that defendants' rights were not prejudiced.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Pedro Galindez was convicted of possessing and transporting intoxicating liquor fit for beverage purposes, and he brings error. Judgment vacated, verdict set aside, and case remanded for a new trial.

Hugh R. Francis, of San Juan, Porto Rico (Benicio F. Sanchez, of San Juan, Porto Rico, on the brief), for plaintiff in error.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. An information containing two counts was brought in the District Court of Porto Rico against the de-

fendant Pedro Galindez and one Gueitz. The first count charged that, on the 2d day of January, 1926, they had in their possession certain intoxicating liquor fit for beverage purposes; the second count charged that on the same day they unlawfully transported the same liquor—all in violation of section 3 of title 2 of the National Prohibition Act (Comp. St. § 10138½aa).

A trial having been had, the jury returned a verdict of not guilty as to Gueitz, but guilty as to Galindez. Galindez was sentenced to three months' imprisonment on the first count, and a like sentence was imposed on the second count; the term of sentence upon the latter count to commence upon the completion of the prior one.

The errors assigned and relied upon are that the court erred: (1) In declining to permit the attorney for Galindez to cross-examine the witnesses for the prosecution; and (2) in denying the defendant's motion to dismiss the first count for possession as included in the second for transportation, the possession and transportation involving the same act.

The government admits that the court erred in imposing sentence on the first count and that the judgment and sentence upon that count must be vacated. This leaves but one question for consideration, and that is whether the court below erred in declining to permit counsel for Galindez to cross-examine the government's witnesses.

It appears that, when the case came on for trial, each defendant had independent counsel; that, notwithstanding the attorney for Galindez at various times attempted and requested the opportunity to cross-examine witnesses called by the government against his client, the court declined to permit him to do so, when counsel for the other defendant had cross-examined the witness, saying, "I will let one examine or cross-examine each witness;" that "the defendants will be tried as one party, for the same offense, and the law permits only one examination"; that "each defendant cannot employ a separate lawyer, and each cannot examine the witnesses." It is this ruling that is assigned as error.

19 F.(2d)—23

Judge Sanborn, of the Eighth Circuit, in considering a like question in Resurrection Gold Min. Co. v. Fortune Gold Min. Co., 129 F. 668, 674, said:

"A fair and full cross-examination of a witness upon the subjects of his examination in chief is the absolute right, and not the mere privilege, of the party against whom he is called, and a denial of this right is a prejudicial and fatal error. It is only after the right has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court. Gilmer v. Higley, 110 U. S. 47, 50, 3 S. Ct. 471, 28 L. Ed. 62; Chandler v. Allison, 10 Mich. 460, 473; Heath v. Waters, 40 Mich. 457, 471; Sperry v. Moore's Estate, 42 Mich. 353, 361, 4 N. W. 13; Martin v. Elden, 32 Ohio St. 282, 287; Wilson v. Wagar, 26 Mich. 452, 456, 458; Reeve v. Dennett, 141 Mass. 207, 6 N. E. 378; Taggart v. Bosch (Cal.) [5 Cal. Unrep. 690] 48 P. 1092, 1096; New York Iron Mine v. Negaunee Bank, 39 Mich. 644, 660; Jackson v. Feather River W. Co., 14 Cal. 19, 24; Wendt v. Chicago, St. P., M. & O. Ry. Co., 4 S. D. 476, 484, 57 N. W. 226."

See, also, to the same effect, Heard v. United States (C. C. A.) 255 F. 829, 832.

[1, 2] The fact that the district attorney saw fit to proceed against the two defendants in a single indictment or information did not deprive the defendant Galindez of his right to cross-examine any or all of the witnesses which the government called to testify against him, even though they also may have been called to testify against the other defendant. The denial of the right was error, and it was prejudicial error, unless it appears beyond a reasonable doubt that it did not prejudice, and could not have prejudiced, the rights of the defendant. Resurrection Gold Min. Co. v. Fortune Gold Min. Co., 129 F. 668, at page 677, and cases there cited. We are unable to say, from anything contained in the record, that the defendant Galindez was not prejudiced.

The judgment of the District Court is vacated, the verdict is set aside, and the case is remanded to that court for a new trial.