(No. 4937.   July 20, 1928.)

BANNOCK COUNTY, a Municipal Corporation, Respond-
ent, v. MRS. THOMAS COFFIN, Whose True First
Name is to the Plaintiff Unknown, Appellant.

[269 Pac. 90.]

Holden & Coffin, for Appellant.

H. J. Swanson, for Respondent.

BAKER, Commissioner.—Plaintiff sued, under the authority of C. S., sec. 4676, to recover the amount expended by it in the care of John Evans, son of the defendant. A general demurrer was filed by defendant and was overruled. Defendant answered, has appealed from an adverse judgment and assigned as error the action of the trial court in overruling her demurrer.

Her position is that the complaint fails to state sufficient facts in that there is no allegation that John Evans was in fact an indigent person. The only allegation relating to indigency is: That on or about February 16, 1925, John Evans "duly and regularly applied for aid to the plaintiff . . . . under the indigent laws of Idaho and that under and by virtue of said application the said plaintiff duly and regularly rendered aid" in the sum named in the complaint. Appellant's contention is that this allegation amounts to no more than an allegation that the board of county commissioners had found that John Evans was an indigent person.

To warrant recovery by respondent the following facts, among others, must be alleged: (1) That John Evans was an indigent person; and (2) that the county had furnished aid to him under the indigent laws in the sum or of the value claimed.

There is no direct allegation of indigency. If it can be said to be included within the averment made, it can only be upon the theory that under C. S., sec. 6711, a statement that the aid was "duly and regularly rendered" upon application "duly and regularly" made is an affirmation of the existence of all facts necessary to sustain the order and upon a denial of the statement respondent would be under the burden of proving the fact of indigency.

"Duly and regularly applied" for aid means only that a written and sworn application was made by Evans to one of certain officers in which application it was represented, among other things, that he was sick or indigent. (C. S., sec. 3725.) "Duly and regularly rendered aid" means that the officer to whom the application was made had investigated and had become "satisfied" that the applicant was "really sick, indigent and in destitute circumstances" and had filed his certificate to that effect as required by C. S., sec. 3726; that it was the "judgment" of the board of county commissioners that the applicant was "sick and indigent and would suffer if not aided by the county" and that the board made such provision for his relief as it concluded was necessary under the circumstances. (C. S., sec. 3727.) The allegation made could be fully established without any proof of indigency as a fact. The allegation does not present an issue of whether John Evans was in fact an indigent but only whether facts were made to appear to the board sufficient to induce the belief that he was an indigent and as such entitled to aid. Proof of the entire allegation made would amount to proof of but the second of the necessary allegations.

If the order of the board were conclusive and binding upon appellant an entirely different situation would be presented. Appellant was not a party to any proceeding had before any officer in connection with the son's application for aid and the determination by any officer that he was indigent was not binding upon appellant. (*Martin v. Vincent*, 34 Ida. 432, 201 Pac. 492; *Allen v. Williams*, 31

Ida. 309, 171 Pac. 493; *In re Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886.)

We conclude that while the allegation was a sufficient averment of the entry of the order, it did not amount to an allegation of the fact of indigency; that a denial of the statements made would not require·of respondent that it make proof of indigency and that the complaint did not state sufficient facts.

We recommend that the judgment appealed from be reversed and the cause remanded, with instructions to sustain the demurrer with leave to amend and that appellant recover costs other than the cost of printing brief not filed within the time limited by Rule 43.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court; the judgment is reversed and the cause remanded, with instructions to sustain the demurrer with leave to amend. Costs, other than cost of printing brief, to appellant.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Budge, J., dissents.