(No. 5526. December 27, 1930.)

In the Matter of the Delinquency of LELAND ALLMON, a Minor Child. STATE, Respondent, v. LELAND ALLMON and BELLE LYNCH, Appellants.

[294 Pac. 528.]

J. W. Porter and J. W. Taylor, for Appellants.

E. V. Larson, Prosecuting Attorney, for Respondent.

GIVENS, C. J.—On an information charging that a minor was a juvenile delinquent, specifying instances of delinquency, and that his mother, the only parent, was neglecting the child and was not exercising sufficient or any control over him, after due notice, and a hearing at which the mother was present and represented by counsel, the court committed him to the state industrial school.

Appellant urges against the judgment of the district court, sustaining the probate court, that art. 20, chap. 41, C. S., prior to its amendment by Sess. Laws of 1927, chap. 167, did not afford the parent due process of law, which is correct. (*Martin v. Vincent*, 34 Ida. 432, 201 Pac. 492.)

No doubt to remedy this situation, the legislature passed the amendments in 1927 Sess. Laws, chap. 167, which provide for notice to the parent, and the issue, and a complete hearing, as to the neglect, or unfitness of the parent to have the custody of the child, specifying findings of neglect or unfitness which the court must make before the child may be taken from the parent, thus affording the parent due process. (*In re Sharp*, 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886; *Allen v. Williams*, 31 Ida. 309, 171 Pac. 493; *In re Martin*, 29 Ida. 716, 161 Pac. 573; *Jain v. Priest*, 30 Ida. 273, 164 Pac. 364; *Martin v. Vincent, supra;* 12 C. J., pp. 1210, 1211.)

Only the state introduced evidence, and thereby assumed and sustained the entire burden of proving the delinquency of the child and the unfitness of the parent, and one who is not injured by an act may not complain of it as unconstitutional (*Williams v. Baldridge*, 48 Ida. 618, 284 Pac. 203), and this holding in no way conflicts with *Boise Payette Lbr. Co. v. Challis Ind. School Dist.*, 46 Ida. 403,

268 Pac. 26, as will appear from an examination of 12 C. J. 760–762, and 12 C. J. 780, in addition to 12 C. J. 786, cited in *Boise Payette Lbr. Co. v. Challis Ind. School Dist., supra.* See, also, 6 R. C. L., p. 89, sec. 87, and 5 Cal. Jur., p. 622, sec. 52. The one rule is restrictive as to who may question a statute, the other is a rule of statutory construction. So we need not, and do not determine where sec. 1014A, 1927 Sess. Laws, p. 222, places the burden of proof as to the fitness of the parent, nor the effect thereof, since we will not pass upon the constitutionality of a statute unless it is necessary to a decision of the case. (*Logan v. Carter,* 49 Ida. 393, 288 Pac. 424.)

The evidence, while perhaps meager, is sufficient to sustain the conclusion that the boy should have been committed.

Judgment is affirmed.

No costs awarded.

Lee, Varian and McNaughton, JJ., concur.

Budge, J., did not participate.