(No. 5993. October 16, 1933.)

STATE, Respondent, v. C. C. OLSEN, Appellant.

[26 Pac. (2d) 127.]

Chapman & Chapman, for Appellant.

Cite no authorities on points decided.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

HOLDEN, J.—October 17, 1932, a criminal complaint was filed in the probate court of Twin Falls county charging appellant with the crime of larceny in an alleged sale of certain mortgaged personal property, without the consent of the mortgagee. A warrant of arrest thereupon issued. December 5, 1932, appellant was arrested, taken into court and arraigned, and admitted to bail. On that day bail bond was filed. December 14, 1932, an amended criminal complaint was filed in that court charging the appellant with the crime of larceny in the alleged removal of the mortgaged personal property from Twin Falls county, without the consent of the mortgagee holder, and a preliminary examination was had and an order made holding the appellant to answer and continuing the bond.

January 7, 1933, appellant filed his petition for a writ of *habeas corpus* in the district court of Twin Falls county. And on the same day an order was made granting the writ, and the writ issued, and an order was also made admitting the appellant to bail, and the bail bond filed pursuant to the last-mentioned order. January 9, 1933, E. F. Prater,

sheriff, to whom the writ was directed, made and filed the following return:

"In the Matter of the Application for a writ of Habeas Corpus for C. C. OLSEN.

"E. F. Prater, Sheriff of Twin Falls County, State of Idaho, makes the following Return to the Writ of Habeas Corpus issued by the above Court in behalf of C. C. Olsen, the defendant:

"I am and at all times herein mentioned have been the duly elected, qualified and acting Sheriff of Twin Falls County, State of Idaho;

"That on the 7th day of January, 1933, the defendant, C. C. Olsen, and his two bondsmen and one of his attorneys, Marshal Chapman, and Frank J. Smith, Clerk of this Court, came to my office and said attorney informed me said bondsmen were surrendering said Olsen to me; whereupon, said Frank Smith, Clerk, served on me the Writ in question, and the attorney then and there, at that time, informed me a new bond was being executed, and all parties hereinbefore named left, and I have not seen C. C. Olsen since, nor was he, nor has he been in my custody, other than herein recited.

"Said Olsen is not in my custody and never has been, other than as hereinbefore recited, and by reason thereof I am unable to deliver into this Court the body of C. C. Olsen, as required by said Writ, but make this report to Your Honor.

"Affiant further says, that he holds no Order of Commitment issued to him by the Probate Judge of Twin Falls County, Idaho, but that there is an Order issued by said Court, a copy of which Order is hereto attached, but that the same has never been executed for the reason that said defendant, C. C. Olsen, has at all times since the issuance of said Commitment been at Liberty on bail, save and except as hereinbefore mentioned.

"Dated this 9th day of January, 1933.

"E. F. PRATER,
"Sheriff of Twin Falls County, Idaho."

The appellant did not file an answer to the return of the sheriff, as provided by sec. 19–4312, denying the matters set forth in the return, nor did the appellant except to the sufficiency thereof, or allege any fact to show either that his alleged imprisonment or detention was unlawful, or that he was entitled to his discharge.

January 9, 1933, the return was heard. No testimony was adduced or documentary evidence offered by the appellant. The respondent placed Frank J. Smith, clerk of the district court for Twin Falls county, on the stand, who testified, among other things, to the effect that appellant was then out on bail. January 14, 1933, the trial court made an order quashing the writ. The appeal is from that order.

■ ■ The function of the petition is to secure the issuance of the writ, and, when the writ is issued, the petition has accomplished its purpose. (*Ex parte Collins,* 151 Cal. 340, 90 Pac. 827, 91 Pac. 397, 129 Am. St. 122; *Allen v. Williams,* 31 Ida. 309, 171 Pac. 493.)

Section 19–4312, I. C. A., provides as follows:

"Answer to Return—Trial of Issues.—The party brought before the court or judge, on the return of the writ, may deny or controvert any of the material facts or matters set forth in the return, or except to the sufficiency thereof, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge. . . . . "

And we held in *Allen v. Williams, supra,* that in *habeas corpus* proceedings the return takes the place of the complaint, and that the answer may traverse the allegations of the return and contain affirmative matter.

Where, as in the case at bar, the return to the writ shows that the petitioner is not in the custody of the officer to whom the writ is directed, and never has been; that the officer holds no order of commitment; that while a commitment had been issued, petitioner had at all times following the issuance of the commitment been at liberty on bail, and the return is not denied or excepted to, and no testimony is adduced or documentary evidence offered by or in

behalf of the petitioner, the court will render judgment in accordance with the undisputed facts stated in the return, quashing the writ.

Codifiers have interpolated the word "or" into section 17-3907, I. C. A. (the section under which appellant is prosecuted), between the words "recorded" and "destroys," as an examination of the original act will disclose (Sess. Laws 1885, sec. 13, p. 74), thus giving that section a different and broader meaning than was intended by the legislature which enacted it.

We deem it proper, because of the unusual and extraordinary situation shown by the record in the instant case, to say that, in our judgment, the essential elements of the crime defined by sec. 17-3907, I. C. A., are: The wilful removal of mortgaged personal property from the county, or counties, where the mortgage is recorded, while the mortgage remains unsatisfied in whole or in part, coupled with the wilful destruction, concealment, sale or disposal of the mortgaged property, or any part thereof, without the consent of the holder of the chattel mortgage.

Order quashing writ affirmed.

Morgan, J., concurs.

WERNETTE, J., Concurring Specially.—I concur in the conclusion reached by Justice Holden in this case, that the writ of *habeas corpus* should be quashed for the reason that the petitioner was not in custody at the time the writ was issued, but having quashed the writ there is nothing further before the court for consideration. It is not within the province of this court to construe sec. 17-3907, I. C. A., as anything we might say regarding the same is merely *dictum*.

Budge, C. J., and Givens, J., join in this concurring opinion.

Petition for rehearing denied.