378 P.2d 188

The STATE of Idaho, Plaintiff-Appellant,

v.

Darole L. CARPENTER, Defendant-Respondent.

No. 9178.

Supreme Court of Idaho.

Jan. 22, 1963.

Frank L. Benson, Atty. Gen., Boise, C. Robert Yost, Prosecuting Atty., Canyon County, Caldwell, for appellant.

Vernon K. Smith, Boise, for respondent.

KNUDSON, Chief Justice.

Following a preliminary hearing, respondent was held to answer a charge of negligent homicide. He was thereafter regularly arraigned on an information filed in the district court in and for Canyon County, charging him with the commission of said offense. A demurrer to the original information was sustained. Thereafter a demurrer to the amended information was likewise sustained and the action ordered dismissed. This appeal is from the order sustaining respondent's demurrer to the amended information and dismissing the action.

The charging part of the information is as follows:

"That Darole L. Carpenter on or about the 2nd day of September, 1961, in the County of Canyon and State of Idaho, then and there being, did then and there wilfully, knowingly, intentionally, and unlawfully, operate a motor vehicle, to-wit: A 1957 Oldsmobile automobile, upon a public highway in the said County of Canyon, State of Idaho, to-wit: U. S. Highway No. 30, and at a point on said highway approximately 1.03 miles west of the city limits of the City of Nampa in said Canyon County, Idaho, and that the said Darole L. Carpenter did then and there operate said motor vehicle carelessly and heedlessly and without due caution and circumspection and in reckless disregard of the safety of others then and there using said highway by then and there driving and operating said motor vehicle at a speed and in a manner so as to endanger other persons and property and by then and there driving and operating said motor vehicle upon said highway at a speed greater than was reasonable and prudent under the conditions then and there existing upon said highway, and by then and there driving and operating said motor vehicle at a speed in excess of the posted speed limit upon said highway, and by then and there driving and operating said motor vehicle on the left side of the said highway, while proceeding in a westerly direction at a time when one Vern Marshall was then and there lawfully proceeding in a motor vehicle in an easterly direction upon said highway, and at a time when the said Vern Marshall had the right of way upon his right side of said highway, and while he, the said Vern Marshall was so proceeding in an easterly direction; and, that the said defendant was not then and there keeping a proper lookout for other motor vehicles then and there using said highway, and that the said defendant did not then and there have his motor vehicle under proper control; that as a result of said operation of said motor vehicle by the said defendant, the said defendant drove said motor vehicle into, upon and against a motor vehicle then and there being driven by one Vern Marshall, and as a proximate result of said operation of said motor vehicle as aforementioned, by the said defendant, Darole L. Carpenter, in the manner above set forth, the said Vern Marshall, and one Cora Marshall and one Shirley Ann Marshall, and one Elsie Eshelman, all human beings, received physical and mortal injuries from which said injuries the said Vern Marshall, Elsie Eshelman, and Shirley Ann Marshall died on the 2nd day of September, 1961,

**236**

and the said Cora Marshall died on the 3rd day of September, 1961, all of which is contrary to the form of the *statute in such case made and provided,* and against the power, peace and dignity of the State of Idaho."

The trial court sustained respondent's demurrer upon two grounds:

"(a) That the said facts stated and alleged in the Amended Information constitute little more than ordinary negligence, and do not constitute in law such negligence as amounts to reckless disregard of the safety of others.

"(b) That Section 49-1101, Idaho Code, being the Section defining the public offense of negligent homicide is so indefinite, ambiguous and uncertain insofar as defining the standard of care and conduct of one using the public highways of the state of Idaho that the same is incapable of enforcement in that its terms are not sufficiently clear and intelligible that the same can be understood by persons of common understanding;"

■ Respondent's contention (par. (b), respondent's demurrer) that I.C. § 49-1101 defining the offense of negligent homicide is so indefinite, ambiguous and uncertain that it is incapable of enforcement has been considered and decided by this Court. In State v. Aims, 80 Idaho 146, 326 P.2d 998, this Court decided that I.C. § 49-1101 is not unconstitutional and void on the grounds of uncertainty and indefiniteness.

We shall now consider respondent's contention (par. (a), respondent's demurrer) that the facts alleged in the amended information do not constitute in law sufficient negligence as amounts to reckless disregard of the safety of others.

■ The negligent homicide statute (I.C. § 49-1101) definitely makes it a crime for an operator of an automobile to injure and cause the death of another by driving an automobile in reckless disregard of the safety of others. The pertinent portion of said statute provides:

*"Negligent homicide.*—(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide."

The criterion set out by said statute is whether the automobile was being operated in a manner which the law recognizes as reckless disregard of the safety of others.

In cases involving the liability of the owner or operator of an automobile for injuries sustained by his guest (I.C. § 49-1401) this Court has defined the term "reckless disregard of the safety of others" as "an act or conduct destitute of heed or con-

cern for consequences; especially foolishly heedless of danger, headlong rash; wanton disregard, or conscious indifference to consequences." Foberg v. Harrison, 71 Idaho 11, 225 P.2d 69; Mason v. Mootz, 73 Idaho 461, 253 P.2d 240. Such definition was given said term some time before the enactment of the negligent homicide statute (§ 49–1101).

In State v. Papse, 83 Idaho 358, 362 P.2d 1083, this Court quoted with approval the following definition of "reckless disregard":

"The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." (The American Law Institute, Restatement of Torts, Vol. 2, § 500.)

Here we are concerned with a definition of the phrase, "reckless disregard of the safety of others," appropriate to its application in a criminal action. In such case, the conduct of the defendant must be of a criminal nature; that is, such that the jury might conclude amounted to criminal negligence. State v. Davidson, 78 Idaho 553, 309 P.2d 211.

I.C. § 19–1409 prescribes the requirements of indictments (applicable to informations) and provides that the indictment must contain:

"1. The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties.

"2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

In discussing the sufficiency of the charging part of an information, the following language has been used by this Court:

"It is fundamental in this state that the charging part of an information or indictment will withstand attack if on its face to be sufficient to advise the defendant of the nature of the charge against him, and describes the offense with such particularity as to serve as a shield in case of a second prosecution for the same offense; or, stated differently if the act or acts constituting the offense be set forth in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." State v. Basinger, 46 Idaho 775, 271 P.

325; Mollendorf v. State, 67 Idaho 151, 173 P.2d 519.

In State v. Gummerson, 79 Idaho 30, 310 P.2d 362, the information charged that the defendant drove his automobile "negligently, carelessly, recklessly and heedlessly, in wanton and wilful disregard for the rights and safety of others and without due caution and circumspection and at an excessive rate of speed under the circumstances and in a manner so as to endanger persons and property, * * *." This Court held that such information sufficiently charged the defendant with acts constituting negligent homicide.

In the instant case, the amended information charges that respondent drove his automobile carelessly, heedlessly, without due caution and circumspection and in reckless disregard of the safety of others by then and there driving (1) at an excessive speed; (2) at a speed greater than was reasonable and prudent under the conditions there existing upon the highway; (3) upon the left side of the highway at a time when another person was lawfully operating a motor vehicle in the opposite direction along his proper traffic lane on the highway; (4) without keeping a proper lookout for other vehicles using the highway; (5) not having his motor vehicle under proper control; (6) that defendant drove said motor vehicle into, upon and against a motor vehicle being driven in the opposite direction causing the death of four persons who died within two days of the accident.

Under this information a number of violations of the rules of the road governing the operation of motor vehicles are alleged to have been committed by respondent. They are alleged as components and elements of the offense charged and as the manner and means of its commission.

▬ The jury is entitled to consider all of the facts and circumstances surrounding the accident. If the facts do not prove respondent to be guilty of reckless disregard as we have defined that term, he must be acquitted of the offense charged. However, we are of the opinion that the information sufficiently charged the respondent with acts constituting negligent homicide and that the trial court erred in sustaining the demurrer.

The order sustaining respondent's demurrer to the amended information and dismissing the action is reversed and the cause remanded with instructions to reinstate the amended information.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.