401 P.2d 800

**Application of Darole L. CARPENTER,**

**Appellant, for Writ of Habeas Corpus.**

**No. 9442.**

Supreme Court of Idaho.

May 6, 1965.

Allan G. Shepard, Atty. Gen., M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, and C. Robert Yost, Pros. Atty., Canyon County, Caldwell, for respondent.

Vernon K. Smith, Boise, for appellant.

writ of habeas corpus theretofore issued, and this appeal resulted.

This court has heretofore considered the amended information with which appellant stands charged. State v. Carpenter, 85 Idaho 232, 378 P.2d 188. In that cause, this court upon reversing the order of the trial court sustaining Carpenter's demurrer to the amended information, remanded the cause with directions to reinstate the amended information.

Appellant by his assignments of error asserts the trial court erred in quashing the writ of habeas corpus, and in refusing to make the writ permanent and in not releasing him.

To fully appreciate appellant's position on this appeal and to comprehend the import of his assertions it is essential to outline briefly the factual pattern of the record in the criminal action involved in the application for writ of habeas corpus.

Carpenter was charged with the crime of negligent homicide, by a complaint filed in a justice court of Canyon County on September 6, 1961, and a warrant of arrest issued. He was brought before the justice of the peace, and released on his own recognizance for his later appearance. An amended complaint was later filed, and a preliminary examination had. After the preliminary examination, the appellant was ordered bound over to the district court to stand trial, and he again was released from

McFADDEN, Justice.

Darole L. Carpenter, the appellant herein, filed his petition for writ of habeas corpus with the District Court of Canyon County, and the writ issued. The trial court, after a hearing on the factual issues presented by the pleadings, entered findings of fact, conclusions of law, and an order quashing the

custody on his own recognizance. On January 12, 1962, appellant appeared in district court with his counsel to answer the information filed by the prosecuting attorney, and requested the trial court to continue the cause and fix the amount of bond. The trial court granted the continuance, but refused to fix any amount of bail and also released the appellant from custody on his own recognizance. Thereafter a demurrer to the information was interposed, and sustained by the trial court. An amended information was filed, and a second demurrer interposed, which also was sustained by the trial court and the State appealed to this court. The order sustaining this demurrer was reversed and the cause remanded. State v. Carpenter, supra.

On remand to the lower court, Carpenter refused to plead to the amended information and the trial court, pursuant to the provisions of I.C. §§ 19–1710 and 19–1720, entered a plea of not guilty for the defendant, denied the appellant's request that bail be fixed, and appellant again was released on his own recognizance, and the cause was set for trial.

Appellant filed his petition for writ of habeas corpus asserting he had sought the order of the court to admit him to bail so that he could attain the status of actual confinement thereby to secure the writ of habeas corpus for the purpose of testing the sufficiency of the evidence at the preliminary hearing. He alleged that even though no bail was required he was still restrained of his liberty; he further alleged that the record taken at the preliminary hearing fails to show any probable cause to believe the offense of negligent homicide was committed by anybody, and failed to show there is probable cause as far as he was concerned. An order was entered granting the writ of habeas corpus, and the writ was issued, directed to C. Robert Yost, the prosecuting attorney of the county. The prosecuting attorney filed a return to the writ, alleging the appellant had never been in his custody, but that appellant had been released on his recognizance. In the return the prosecutor also alleged the facts concerning the filing of the amended information and procedures taken prior thereto. To this return, appellant filed his traverse to the return, admitting that he had been released on his own recognizance after his arrest and again after the preliminary hearing, and alleging that he was restrained of his liberty and freedom by the fact that the amended information was pending against him. He alleged the insufficiency of evidence to establish probable cause, and as an affirmative traverse, that he had no adequate remedy to obtain a review of the evidence adduced at the preliminary hearing.

On the issues thus framed, the trial court had a hearing, receiving documentary and

oral evidence, after which the order appealed from was issued.

Appellant contends that he has no avenue open other than by this proceeding, whereby he can have a review by the trial court of the sufficiency of the evidence presented at the preliminary examination in order to test whether there was sufficient evidence to justify the justice of the peace in entering the order binding him over to the district court. He points to the cases of State v. Foell, 37 Idaho 722, 217 P. 608, and State v. Miller, 52 Idaho 33, 10 P.2d 955, for the proposition that a motion to quash an information cannot be used to review the decision of the committing magistrate as to the question of the sufficiency or competency of the evidence taken at the preliminary examination.

Upon the theory presented by appellant, it is claimed the trial court erred in failing to review the record taken at the preliminary examination notwithstanding that he was not actually in jail, asserting that within the meaning of I.C. §§ 19–4201, 19–4202 (1) he is "restrained of his liberty" by the amended information filed against him, requiring his attendance at all court proceedings required in a criminal action.

█ It is true that upon a writ of habeas corpus a trial court can go behind an order of commitment by a magistrate and inquire into the question of the sufficiency of the evidence to sustain a finding of probable cause. In re Baugh, 30 Idaho 387, 164 P. 529; In re Heigho, 18 Idaho 566, 110 P. 1029, 32 L.R.A., N.S., 877; In re Knudtson, 10 Idaho 676, 79 P. 641. The decision in the Baugh case, supra, was based upon Sec. 8354, Rev.Codes, (Now I.C. § 19–4215,) which provides:

"If it appears on the return of the writ that *the prisoner is in custody* by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restriction of the last section.

\*   \*   \*   \*   \*   \*

"7. Where a party has been *committed* on a criminal charge without reasonable or probable cause." (Emphasis added)

█ In this cause the committing magistrate ordered the appellant bound over to the district court on the charge set out in the complaint, but released him on his own recognizance. Throughout the proceedings in the district court, even though the defendant repeatedly sought to be placed under bond, the trial court continued his release on his own recognizance. It is the generally accepted rule in this country that a writ of habeas corpus will not lie when the petitioner is not under actual physical restraint or in actual custody. This rule has been followed in this state. State v. Olsen,

53 Idaho 546, 26 P.2d 127; Evans v. District Court, 47 Idaho 267, 275 P. 99. See also annot: 77 A.L.R.2d 1291.

Appellant points to the case of In re Rash, 64 Idaho 521, 134 P.2d 420, as indicative of a contrary result. In that case the petitioner was arrested and arraigned on the charge of bigamy and released on bail pending trial. The first trial was conducted in December 1941, which resulted in a hung jury; the petitioner was ordered again to stand trial at the term of court commencing January 5, 1942. Petitioner requested a continuance of the cause as he was unable to secure the attendance of necessary witnesses during the winter months. In September, 1942, the trial court granted the prosecution's request for a continuance of the cause upon the ground that the United States was at war and it would be virtually impossible to obtain witnesses and a jury at that time. Petitioner then filed a motion to dismiss the action because the State had not granted him a speedy trial. This motion was denied and on November 27, 1942, petitioner filed a petition in the Supreme Court of Idaho, for a writ of habeas corpus seeking a discharge under I.C. § 19–4315(2) [now I.C. § 19–4215(2)] contending the trial court failed to comply with the provisions of I.C. § 19–3401(2) [now I.C. § 19–3501(2)] which provides:

"The court, unless good cause to the contrary is shown, must order the

prosecution or indictment to be dismissed, in the following cases:

\*    \*    \*    \*    \*    \*

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

In noting that the petitioner was not in actual custody the Court said:

"Since petitioner is not in actual custody, it is urged that the writ should be quashed in accordance with the statutes and prior holdings of this court (sections 19–4301, 19–4302, 19–4305, 19–4308, 19–4309, I.C.A.; Evans v. District Court, 47 Idaho 267, 275 P. 99; State v. Olsen, 53 Idaho 546, 26 P.2d 127, and other authorities), and that mandamus is the proper remedy to compel a trial. The quashing of the writ herein would avail petitioner nothing, and, unless a trial were voluntarily undertaken by the trial court, he would have to resort to mandamus or some other proceeding to secure a trial. We believe that due to the exigencies of the times we are justified in the present instance in going directly to the essential point involved, namely, the right of petitioner to a speedy trial."

However, this court did not discharge the petitioner, but remanded the cause to the

trial court with directions to impanel an open or special venire, if necessary, and put the defendant upon trial of the charge, within thirty days.

In the Rash case this court was faced with a peculiar set of circumstances, and while it is indicative that actual confinement is not necessary for issuance of a writ of habeas corpus, that decision should not be expanded to authorize issuance of a writ of habeas corpus when there is absent the element of physical confinement or restraint of liberty. The actual result reached in the Rash case as set out in the reversal was to require the lower court to grant a prompt trial.

Appellant also urges us to follow the case decided by the Supreme Court of California, of In re Petersen, 51 Cal.2d 177, 331 P.2d 24, 77 A.L.R.2d 1291, (Cal.1958). There the petitioner was arrested for occupying the exclusive taxi stand of another company in violation of a municipal ordinance. The ordinance authorized the chief of police to permit a taxicab company to have the exclusive use of a portion of the public street as a taxicab stand, if the company had first obtained the consent of the abutting property owner. Habeas corpus proceedings were instituted to test the constitutionality of the ordinance. While the petition was being considered by the California Supreme Court, and before the writ had been issued, the petitioner was admitted to bail by the municipal court. In issuing the writ the Supreme Court of California said:

* * * "The availability of the writ, however, does not depend on actual detention in prison. Where a person has been released on parole, this court has issued habeas corpus, pointing out that he was constructively a prisoner subject to restraint by the penal authorities. * * * Petitioner here is also constructively in custody and subject to restraint since the primary purpose of bail, whether before or after conviction, is practical assurance that he will attend upon the court when his presence is required. * * * Moreover, this court may admit a petitioner to bail pending determination of habeas corpus proceedings (Pen.Code, § 1476), and it would be unreasonable to hold that we lack jurisdiction to issue the writ merely because another court has released him on bail after the filing of his petition. We conclude that, under the circumstances present here, habeas corpus is an appropriate remedy even though bail has been allowed."

We are not constrained to follow the views expressed by the Supreme Court of California in the Petersen case. The function of the writ of habeas corpus is to grant a person confined or restrained of his liberty an opportunity to question the

lawfulness of his detention or restraint. 25 Am.Jur.Habeas Corpus § 10, p. 150; 39 C.J.S. Habeas Corpus § 9, p. 439. It is an extraordinary writ and one not to be used as an appellate remedy. Freeman v. State, 87 Idaho 170, 392 P.2d 542; Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475; In re Bean, 58 Idaho 797, 79 P.2d 540. The writ normally does not issue when a person is subject to a voluntary restraint. 25 Am.Jur. Habeas Corpus, § 25, p. 159; 39 C.J.S. Habeas Corpus § 10, p. 440.

Appellant argues at length that the refusal of the trial court to examine the record on preliminary examination because he was not restrained of his liberty so as to authorize the full powers of the court granted under habeas corpus, is an unreasonably technical determination. This argument, however, overlooks the nature of this extraordinary writ and the functions to be served by it.

It is our conclusion that the trial court correctly quashed the writ. The order of the trial court is affirmed.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.