BARNES v. RAYMER et ux.

No. 2687.

Court of Civil Appeals of Texas. Eastland.

Oct. 8, 1948.

Brooks, Duke & Templeton, of Abilene, for relator.

Nunn & Griggs, of Sweetwater, for respondents.

LONG, Justice.

Relator Osmo Barnes filed in the District Court of Nolan County an application for a writ of heabeas corpus in which it was alleged that he was the father of Melba Sue Barnes, a girl four years of age, and that she was being illegally restrained of her liberty by respondents, Floyd Raymer and his wife Lou Raymer. He further alleged that he was entitled to the custody of his daughter. The District Judge granted the writ and gave respondents notice to produce said child before him on the 10th day of April, A.D., 1948. On said date all parties appeared before the court and announced ready for trial. Respondents filed no pleadings. After relator had introduced the application, writ and sheriff's return thereon, and had placed on the stand as a witness the respondent Lou Raymer, counsel for respondents requested the court to allow respondents to offer in· evidence a judgment of the District Court of Nolan County wherein the child was adopted by the respondents. The court granted the request, and respondents introduced in evidence such judgment of adoption. Whereupon the court discharged respondents and remanded the child to their custody. From such judgment relator has appealed.

The judgment remanding the child recites, in substance, that the attention of the court had been called to a judgment theretofore rendered in which the child was duly and legally adopted by the respondents and that relator having plead nothing more than an application for a writ of habeas corpus alleging that respondents were illegally restraining the child of its liberty, the court took judicial notice of such judgment theretofore rendered in which the child was duly and legally declared a neglected and dependent child, and the guardianship of the same awarded to respondents, and took judicial notice of a judgment rendered by the court in which the child was duly and legally adopted by the respondents. The judgment further recites that there was no attack made upon either judgment by the pleading of the relator and no attack made upon the character, qualifications and fitness of respondents and no pleadings that the welfare and interest of the child required the removal of said child from the respondents and no pleadings by the relator of any changed conditions regarding the custody of the child since the adoption thereof. The court concluded that the judgments

were res judicata of all matters pertaining to the fitness of the respondents to rear said child and that there being no pleadings attacking said judgments or qualifications of the respondents to rear said child, that respondents were therefore entitled to her custody.

The judgment of adoption discloses that prior to the time said judgment was entered, the District Court of Nolan County had declared Melba Sue Barnes to be a dependent child and respondents were appointed her guardian. The judgment declaring said child to be a dependent child is not in the record.

■ The court, in the adoption judgment, finds all jurisdictional facts necessary under the law upon which to base such judgment, consequently, this court must indulge every reasonable presumption that may be necessary to uphold its validity. The further presumption prevails that the court which rendered the judgment did its duty. 25 Tex.Jur., page 830, Sec. 319. Article 2330 of our Revised Civil Statutes provides, in effect, that any child under sixteen years of age, who is dependent upon the public for support, or who is destitute, homeless or abandoned, is a dependent or neglected child. Article 2332 provides that if the parents or guardian of the child are not within the county where the proceedings are instituted, it shall not be necessary to serve them with citation, but the court shall appoint some suitable person to represent the best interest of the child. Article 2335 provides that if the court adjudges the child to be a dependent and neglected child. an order may be made making disposition of the child by awarding it to some suitable person or institution. The judgment of dependency not being in the record, we do not know whether the father was a party to said proceedings or had any notice thereof. Article 2332, Revised Civil Statutes, authorizes the court to decree a child to be a dependent child upon a proper showing, without notice to the parents, where the parents are out of the county. A decree thus entered is valid, subject to the right of the parents to a full hearing in a subsequent proceeding on the issue of dependency. De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687. We must presume that the court, in entering the judgment of dependency, had before it all of the necessary facts to give the court jurisdiction. We must further presume that the father had notice of such proceeding or that he had abandoned said child and was without the county. If the dependency judgment was entered in compliance with the law, it was not necessary for the father to be a party to or have notice of the adoption proceeding. De Witt v. Brooks, supra.

■ It appears that the court based the judgment of adoption, in part, upon the judgment declaring the child to be a dependent child. It is the contention of the relator that he is not bound by the judgment of adoption because he was not a party thereto. In the absence of a direct attack upon the judgment, evidence that relator was not a party to the judgment would not be admissible. In other words, the judgment of adoption, being regular on its face, is a complete answer to the application for the writ of habeas corpus filed by relator. The judgment of adoption fixed the custody of the child and could not be set aside in the absence of pleadings making a direct attack thereon or pleadings alleging a change of conditions since the entry of the judgment. 39 C.J. S., Habeas Corpus, § 46, page 584; 2 C.J. S., Adoption of Children, § 50 page 440.

■ We do not agree with the contention that respondents should have made a return in the court as provided for in Article 142, Code of Criminal Procedure. This is not a habeas corpus in its strictest sense. It is a civil action, seeking custody of a child, and Article 142 has no application. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Vickers v. Faubion, Tex. Civ.App., 224 S.W. 803; Hardy v. McCulloch et ux. Tex.Civ.App., 286 S.W. 629.

■■ Relator complains of the admission of judgment of adoption on the ground that respondents had filed no pleadings of any kind. We believe his position on this question is not well taken. There was no objection to the judgment on the ground that

it had not been plead; further, the court was authorized to take judicial notice of the judgments of adoption, together with the judgment of dependency. The courts may take judicial notice of their own judgments rendered in cases involving the same subject matter and between practically the same parties. McCormick & Ray, Texas Law of Evidence, page 160, Sec. 98.

We find no reversible error in the record under the points presented.

The judgment of the trial court is affirmed.