**COOK v. GREGG et al.**

No. 6008.

Court of Civil Appeals of Texas. Amarillo.

Dec. 5, 1949.

Rehearing Denied Jan. 16, 1950.

E. O. Northcutt, Amarillo, for appellant.

John Peterson and O. M. Calhoun, Amarillo, for appellees.

STOKES, Justice.

This is a habeas corpus proceeding instituted and filed in the 108th District Court of Potter County by the appellant on behalf of Eliza Evlin Cook, an infant, seven months of age. Appellant is the natural mother of the child. She alleged that the child was born at Dumas, in Moore County and at the time of its birth, she was financially unable to pay her necessary medical and hospital expenses and that Mrs. Mary E. Simmons, a personal friend of hers, who was a resident of Moore County, made all arrangements for such medical and hospital care and paid the expenses incident thereto; that immediately after the birth of the child, she was still unable to care for it and her friend, Mrs. Simmons, took the child and clothed, fed and cared for it, and that it had been in the custody of Mrs. Simmons until Mrs. Simmons filed in the 69th District Court of Moore County an application to adopt the child as her own. Appellant alleged that she was willing for Mrs. Simmons to adopt the child; that she signed a waiver of notice upon her of the petition for such adoption; that, on June 19, 1949, the petition was heard by the 69th District Court; and that Mrs. Simmons' prayer for permission to adopt the child was refused and denied by the court. She alleged further that the district court of Moore County ordered the child taken from the custody of Mrs. Simmons and delivered to the appellees, Miss Gregg and Miss Wilson of Amarillo in Potter County, who had custody and possession of the child at the time this application for habeas corpus was filed. She alleged that conditions had changed and that she was then able, both physically and financially, to assume the child's custody and prayed that its custody be restored to her.

The writ was granted and the child produced in court by the appellees where a hearing was had on July 18, 1949. Appellees presented and urged a motion to quash and dismiss the writ and the motion was sustained by the court. Appellant duly excepted to the judgment and order dismissing the case and has brought the case before this court for review.

As grounds for their motion to quash the writ of habeas corpus and dismiss the cause appellees alleged that the child was not restrained of its liberty and that their custody was lawful in every respect. They alleged that they were representatives of the Division of Child Welfare of the State Department of Public Welfare, in charge of its offices at Amarillo, and that the child was delivered into their custody as such by the 69th District Court of Moore County; that, upon the hearing of the application of Mrs. Simmons to adopt the child, the court found it to be a neglected and dependent child; that Mrs. Simmons was not a proper person to have the custody of the child; and that the home maintained by her was not a proper place for it. They alleged that their custody of the child was by virtue of the judgment of the district court of Moore County and attached to their motion a certified copy of the entire record of the application and hearing in that court.

Appellant assigns error of the court in quashing and dismissing the writ of habeas corpus because, first, such action was taken by the court without hearing testimony to determine the question of what would be for the best interest of the child,

and secondly, she assails the validity of the judgment and order of the district court of Moore County and asserts that it was not a sufficient basis for granting appellees' motion to quash the writ of habeas corpus.

The record of the hearing in the district court of Moore County upon the application of Mrs. Simmons to adopt the child, shows that appellant had not seen the child since its birth; that the child was born out of lawful wedlock and she had consented in writing to its adoption by Mrs. Simmons. The court found that Mrs. Simmons was a widow; that she was not in good health; that she was operating a grocery store at Dumas; that she owned and rented a number of houses; that the place where she was living was not suitable as a home for the child; and that, by reason of these conditions, she was not a suitable person to adopt the child or to have its care, custody and control. The judgment, in effect, found the child to be a dependent and neglected child and ordered that it be temporarily delivered to appellees as the representatives and agents of the Division of Child Welfare of the State Department of Public Welfare, and that the department proceed to arrange for the temporary and permanent placement of the child and that report be made to the court of any arrangement or change that might be made concerning its custody and welfare.

From what we have stated it will be seen that, when the application for habeas corpus was filed and when it was heard by the 108th District Court of Potter County, the action involving the child's custody and welfare was still pending in the 69th District Court of Moore County. No final judgment had been entered and, under the interlocutory order of that court, the child was in the custody of appellees as agents and representatives of the Division of Child Welfare of the State Department of Public Welfare and subject to the further orders and judgment of the court. That court had already assumed jurisdiction of the cause and the application for writ of habeas corpus sought to adjudicate the same question in the 108th District Court of Potter County. There is no rule of law better settled than that, when a court of competent jurisdiction has obtained jurisdiction of a case, it cannot be ousted by a proceeding involving the same cause of action subsequently instituted in another court of concurrent jurisdiction. Stone v. Byars, 32 Tex.Civ.App. 154, 73 S.W. 1086; Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 26 Am.St.Rep. 776; Thomas Goggan & Bros. v. Morrison, Tex. Civ.App., 163 S.W. 119; Cleveland v. Ward, Judge, 116 Tex. 1, 285 S.W. 1063; Barnes v. Raymer, Tex.Civ.App., 214 S.W. 2d 341.

Furthermore, the interlocutory order of the 69th District Court and the record upon which it was based, show that the whereabouts of appellant, the child's mother, were unknown and that she had not seen the child since its birth. Article 2337, Vernon's Revised Civil Statutes, provides that, in case a child is adjudged to be dependent or neglected, the parents shall thereafter have no right over or to its custody except upon such conditions, in the interest of the child, as the court may impose or where, upon proper proceeding, such child may lawfully be restored to them. And Article 2336 provides that the court may change the guardianship of such child if, at any time, it is made to appear that such change is for the best interest of the child. It further provides that the child may be permitted to remain in its own home and under the care and control of its parents, subject to the jurisdiction and direction of the court. Under these statutory provisions, appellant, not having had notice of the hearing in the 69th District Court and not having been present at such hearing, still has the right to file an application in the 69th District Court for an order changing the custody of the child at any time she may wish to do so and, since the statutes provide the method and procedure under which she may institute such a proceeding, a writ of habeas corpus will not lie in another court although such other court may be clothed with jurisdiction of such cases.

Appellant assails the right and power of the 69th District Court to enter

an order finding the child to be dependent and neglected in a proceeding instituted for its adoption. While the proceeding in that court was instituted by Mrs. Simmons as an adoption proceeding, her petition revealed that the child was a dependent and neglected child from its birth and that, unless it was adopted by her, it would continue to be dependent and neglected. Upon a full hearing of her application, the court found that, on account of her health, her extensive business interests requiring her constant attention, and the nature of the place she maintained as a home, Mrs. Simmons was not a proper person to-adopt the child and her home was not a proper place for its abode and maintenance. It has often been held by our courts that technical rules of practice and pleading are of little importance in determining issues concerning the custody of children. The welfare and interests of the child were the paramount questions to be solved. It was not only the right but the duty of the court to ascertain any and all facts concerning the condition of the child and make such investigation as was necessary to assist in reaching the proper conclusion concerning that question. Wilson v. Wilson, Tex.Civ. App., 88 S.W.2d 1086; Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988; Conley v. St. Jacques, Tex.CivApp., 110 S.W.2d 1238.

 The record reveals that the 69th District Court appointed an investigator connected with the Division of Child Welfare who made a complete and thorough investigation and report concerning the circumstances and conditions of the child as well as the fitness and qualifications of Mrs. Simmons to become its adoptive parent and the conclusion reached by the court that she was not a proper person to adopt it was amply supported by the report.

Appellant contends that she was not present at the hearing, had no notice of it and she is therefore not bound by the judgment of the district court of Moore County. As we have said, the record of the hearing in that court reveals that appellant's whereabouts were unknown and the court was justified therefore in proceeding with the hearing without notice to her.

Being the mother of the child, she is entitled to a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed to authorize the entry of the judgment of dependency but, the district court of Moore County having assumed jurisdiction of the matter, her right to such a hearing is in that court. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687. She alleges further that conditions have changed since she relinquished the custody of her child to Mrs. Simmons and that she is now physically and financially able to have custody of the child and to give it ample support. If so, she has the right to a hearing in the court that now has jurisdiction of the child, but a habeas corpus proceeding in any other court is not available to her as it would be if the controversy were merely one between two or more persons over the question of the right to its custody and control.

We have carefully considered the assignments of error and contentions urged by appellant and, in our opinion, no reversible error is shown by any of them. The judgment of the court below will, therefore, be affirmed.