Howard G. LARGE et al., Relators,

v.

Hon. Penn J. JACKSON, District Judge, et al., Respondents.

No. 16541.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1964.

William V. Browning, Wichita Falls, for relators, Kenneth Falnes and wife, Barbara Ann Falnes.

Glynn R. Purtle, Asst. County Atty., of Wichita County, Wichita Falls, for relators, Howard G. Large and Madge Whitney.

James E. Ferguson, Cleburne, for appellee.

PER CURIAM.

This is an original proceeding for writ of prohibition.

Pending in this court at the time petitioners filed the original proceeding was our cause No. 16511, styled Mack Henry Brooks et ux. v. Wichita County, Texas. Said cause exists on our docket perforce an appeal taken from a decree of dependency as to two minor children, grandchildren of Brooks and his wife, entered by the Juvenile Court of Wichita County, Texas, under date of July 19, 1963.

It appears that subsequent to said date Brooks and his wife, as plaintiffs, filed a suit for custody of their grandchildren in the District Court of Johnson County, Texas. This cause was docketed as No. 5789–A in said court. A judgment which pur-

ported to award custody of the two children to Brooks and his wife, as against Kenneth Falnes and his wife, was rendered in said cause on November 29, 1963.

Obviously certain interested parties in Wichita County became aware of the Johnson County decree shortly after the date of its entry. The court in Wichita County entered what it termed a "modified judgment" on December 3, 1963, by which it ordered that the care, custody and control of the two minor children (which it had on July 19, 1963, adjudicated as "dependent" under Texas' dependency statutes, Vernon's Ann.T.S., Art. 2330 et seq., "Dependent or neglected child") be removed from Falnes and his wife and placed with the Wichita County Probation Department, with said Department authorized to place the children with the Children's Aid Society of West Texas pending the outcome of the appeal taken from the court's dependency judgment (pending on the docket of this Court as Cause No. 16511). The original decree had placed custody of the children in the Wichita County Probation Department, with authority granted the Department to place the children in a foster home for purposes of adoption. Placement had been made with Falnes and his wife.

Upon the authority of the judgment of the Johnson County District Court the grandparents went to Wichita County and sought to obtain physical possession of their grandchildren. They were unable to accomplish their purpose, whereupon they returned to Johnson County. In Cause No. 5805–A, styled Mack Brooks et ux. v. Kenneth Falnes et ux., Madge Whitney and Howard G. Large, based upon judgment in cause No. 5789–A, they sought writs of *habeas corpus* commanding the defendants' personal appearance before the court, bringing their grandchildren.

In their petition therefor the grandparents represented to the court that Falnes and his wife, after learning of the Johnson County judgment " * * * disobeyed said Court order and delivered said children to Howard G. Large, probation officer, Wichita County, Texas and to Madge Whitney, Operator of the Fowler Home where said children, * * * are being illegally restrained and confined." The District Judge of said court, Honorable Penn J. Jackson, entered an order for service upon Falnes and his wife, Large, and Mrs. Whitney, directing that they appear in person before the Johnson County Court on December 12, 1963, at 9:00 a.m., bringing the Brooks' grandchildren.

On December 12, 1963, the parties from Wichita County appeared before Judge Jackson, but they did not bring the children. They filed various pleadings (including pleas of privilege to have the *habeas corpus* proceeding transferred to Wichita County) by which the court was informed that there had been an appeal perfected from the judgment in the dependency proceeding in Wichita County. The scheduled hearing was postponed to a later date, but before time therefor arrived, warrants of arrest were issued by Judge Jackson to be served upon Mr. Large and Mrs. Whitney. The officers attempting to arrest them were restrained from executing these warrants by writs of a district court of Wichita County.

At this stage of the proceedings the parties in Wichita County brought their petition for writ of prohibition to this court. We granted leave to file the same and, through agreement of all parties, all proceedings were deferred and delayed pending our hearing and decision upon the law applicable to the situation.

When a proper court, vested with jurisdiction of the parties and subject matter, assumes to act in the premises, it cannot be ousted by a proceeding involving the same cause of action subsequently instituted in another court of concurrent jurisdiction. Furthermore, when a child has been adjudged to be dependent and neglected under the provisions of Art. 2330, et seq., a writ of *habeas corpus* or other proceeding involving the custody of the same child will

not lie in any other court than that which made the adjudication although such other court may be clothed with jurisdiction of such cases. Cook v. Gregg, 1949 (Tex.Civ. App., Amarillo), 226 S.W.2d 146, error refused. At least such is the state of the law so long as there has been no subsequent final decree which divests the court of its custodial office under the character of jurisdiction incident to the dependency decree,— as by a final decree of adoption. It necessarily follows that the custody decree in the Johnson County case was void for want of jurisdiction unless the antecedent proceedings in Wichita County were void.

Though the aforesaid legal situation is to be borne in mind, it is not necessarily determinative of the propriety of our action to grant a writ of prohibition in the case under consideration. What is necessary and essential involves two questions:

■ First is the determination of whether the judgment of the court in Wichita County, which decreed the children to be "dependent", was void. Only in the event that such decree was not void would we proceed to other matters for consideration, for a court of civil appeals would not issue a writ to prohibit prosecution of a suit because such suit might interfere with the execution of a judgment which was void or with the prosecution of void proceedings. "56" Petroleum Corporation v. Rodden, 1940 (Tex.Civ.App., Texarkana), 139 S.W. 2d 218.

■ We have examined the face of the record in the case pending on appeal from Wichita County, being our Cause No. 16511, and have ascertained that the judgment is not void. We have not examined it further as to form any conclusion as to whether the judgment might be voidable, or whether it might be reversible for some other reason.

Second, we are required to examine the petition for writ of prohibition in a test of whether issuance of such a writ, and other writs ancillary thereto, would be necessary to enforce our jurisdiction in and over the case on appeal from Wichita County. If the proceedings in Johnson County could not interfere and were not intended to threaten any interference with our jurisdiction, such a writ would not be in order because a necessity therefor would not exist. If the contrary were true, however, we would be authorized and even required to issue the writs under the language and holdings of V.A.T.S., Art. 1823, "Writs of mandamus, etc."

Warrants of arrest have been issued out of the District Court of Johnson County because of petitioners' failure to deliver the Brooks' grandchildren, under the purported authority of the judgment entered in Cause No. 5789–A on the docket of said court, the custody suit heretofore referred to, and under Cause No. 5805–A, the petition for writ of habeas corpus. Restraint of such action and any other action (the objective of which would be to remove the children from the Juvenile Court of Wichita County, or agents or agencies acting as sub-custodians for said court under its primary custodianship) is necessary if we are to preserve the subject matter of the case on appeal.

It is obvious that in the event proper disposition of the merits of the appeal be one of affirmance of the judgment of dependency, such a holding would be pointless and futile, if, under the authority of action by any other court, the children were removed to a place without the jurisdiction of either this court or the Juvenile Court of Wichita County. Therefore, restraint appropriate to prevent such is in order.

The warrants of arrest heretofore mentioned have been returned, unexecuted, to the court in Johnson County. It is not shown that any improper action by Mack Henry Brooks and his wife is threatened aside from or other than such which would be under color of authority of the District Court of Johnson County. We are satisfied that the Honorable Penn J. Jackson, Judge of said court, will honor this opinion and

refrain from any further action which would be contrary to expressions herein. Writ of prohibition will issue only if he does not so refrain. Writs of restraint appropriate in respect to Mr. and Mrs. Brooks will issue only in the event a writ of prohibition should issue, or in the event they should seek to prosecute a suit involving custody of their grandchildren in any court other than this court, the Supreme Court, or Juvenile Court of Wichita County, Texas, so long as the custodial jurisdiction of the latter court shall obtain.