In re Susan B. Siebert PECK,
a Neglected Child.

No. 5679.

Court of Civil Appeals of Texas.

El Paso.

March 3, 1965.

Rehearing Denied March 24, 1965.

Guinn & Guinn, and A. L. Truex, El Paso, for appellants.

W. Barton Boling and Joe Morgan, El Paso, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment of the District Court of El Paso County, Texas adjudging Susan B. Siebert Peck, a minor child under the age of sixteen years, a dependent and neglected child under the provisions of Article 2330 et seq., of the Revised Civil Statutes of Texas, and awarding the care, custody and control of said child to Petitioner (appellee here), Michael McGrath, and his wife, La Verne McGrath, the aunt of said minor child. The Respondents (appellants here) are Albert R. Bays, the child's step-father, and his wife, Hillen Jeanne Bays, the latter the natural mother of said child.

Appellants present twenty-eight points of error. Although these points are not grouped according to the subject matter contained therein, they fall generally into three classes: (1) Challenges to the jurisdiction of the trial court over these proceedings; (2) The unconstitutionality of these proceedings in applying the provisions of Article 2330, T.R.C.S., to the circumstances presented in evidence in this case; and (3) Errors in the findings and conclusions of the trial court.

(1) Jurisdiction.

Under the first category, relative to jurisdiction, it is asserted in various ways that the court lacked jurisdiction over the minor child because she and her natural mother, who previously had legal custody of such minor, had legal residence and domicile in the State of New Mexico, and the child was only temporarily in the State of Texas at the time the proceedings were instituted, and that no one with any legal claim to said minor child had residence within the State of Texas at the time of the institution of the proceedings; and further, that there was no evidence to show that the child was dependent and neglected, or was in imminent danger of becoming so, in the State of Texas.

The statutory provisions under which these proceedings were brought contain, in part, the following:

"Art. 2330. 'Dependent or neglected child'

"The term 'dependent child' or 'neglected child' includes any child under sixteen years of age * * * whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such child; * * *"

"Art. 2331. Who may institute proceedings

"Any person who is a resident of the county, having knowledge of a child in his county who appears to be a 'dependent' or 'neglected' child may file with the district clerk of his county a written petition, setting forth the facts constituting the child 'dependent' or 'neglected;' which petition shall be verified * * *"

Thus it is seen that the principal provisions bestowing upon the district court jurisdiction to determine, upon a verified petition, a case involving a dependent or neglected child is that the child be under the age of sixteen years whose home is an unfit place for such child, and that the petitioner be a resident of the county and have knowledge of a child in such county who appears to be a dependent or neglected child. As stated in Sanchez v. Garcia, 278 S.W. 868 (Tex.Civ.App., 1925; n. w. h.) such statutory proceedings are fundamentally different in nature and procedure from the ordinary proceeding to determine, as between individual claimants, the proper custody and control of minor children.

In the instant case all the statutory requirements for jurisdiction appear from the record to have been met. Prior to these proceedings, the residence and domicile of the child and her appellant-mother seem to

have been in the State of New Mexico. But at the time of institution of proceedings the child was temporarily in Texas, visiting with her grandparents and with her uncle by marriage, the petitioner, with the knowledge and consent of the mother, in the county where the petition was filed. It may be true that the alleged occurrences which would make the child's home an unfit place for her took place in New Mexico, but this does not seem to preclude jurisdiction in the Texas court of the county wherein the child was present at the time of the filing of petition; the whereabouts of the child's natural father were unknown, but personal service was had upon the mother in Texas, and she and the step-father of the child appeared and answered in this cause and were present and testified at the hearing hereon, as did the child herself and apparently all of the important witnesses. Under these circumstances the requirements for jurisdiction in even the so-called child custody cases seem to have been met. Worden v. Worden, 148 Tex. 356, 224 S.W.2d 187 (1949). In our opinion, jurisdiction was established in the Texas trial court.

■ We think it unnecessary to go into the abundant testimony from which it was concluded by the trial court that the home furnished the minor child by her mother and step-father was an unfit place for said child and that the home which would be furnished said child in the future by appellants would be an unfit place for her, and that the child did not have proper parental care, her mother being an unfit person to have the care, custody and control of the minor. The nature of the evidence adduced in this case was such that the grandfather of the child, appellant's own father, was moved to testify that the appellant-mother was not a truthful person, or a moral person, and was not a fit person to have the custody of the child. He also testified that the home furnished the child by his daughter was not a fit and proper place to raise the child. Trial here was to the court without a jury, and we find ample evidence to support the court's finding that the subject child was a dependent and neglected child, and also affirm the court's finding that all jurisdictional and other requirements of Article 2330 et seq., T.R.C.S., had been given compliance. All points of error in this category are overruled.

(2) Unconstitutionality of these proceedings.

■ No extended argument is offered by appellants of the points of error in this category, except to state that the application of Articles 2330 through 2337, T.R.C.S., was unconstitutional "not only because the trial court had no jurisdiction because of no evidence of neglect or dependency, but because to attempt to apply a statute of the State of Texas to circumstances, events and persons outside the State of Texas and, at most, only temporarily within the State of Texas, is an unconstitutional state action against citizens of another state." The provision of the Constitution of the United States asserted to have been violated is Amendment XIV, Section 1. Appellants cite the case of Pettit v. Engelking, 260 S.W.2d 613 (Tex.Civ.App., 1953; ref., n. r. e.), which indeed holds that "parental custodial rights come within the protection of the due process clauses of the federal and state constitutions", citing the Fourteenth Amendment to the United States Constitution and Article 1, § 19 of the Constitution of Texas, Vernon's Ann.St. However, in our opinion, neither the holding nor the facts of the Pettit case support the contention of the appellants here, and we find nothing in other cited cases which alters our decision to overrule the points of error relative to unconstitutionality, which are hereby overruled.

(3) Errors in the Findings and Conclusions of the trial court.

By numerous points in this category, appellants complain of the trial court's findings and conclusions in certain respects and its refusal to find and conclude in other respects. To outline each point separately would unduly prolong this opinion. The

court's findings and conclusions support its judgment. They are founded in and based upon ample evidence. In fact, there is very little contradiction in the testimony. To quote from Nathan v. Hudson, 376 S.W. 2d 856, at page 862 (Tex.Civ.App., 1964; ref., n. r. e.):

"The trial court's findings of fact and conclusions of law should be construed together and, if possible, to be in harmony with the judgment and to support it; and in determining whether the findings are supported by any evidence of probative value we should give credence only to the evidence favorable to the findings, disregarding all evidence to the contrary",

citing the 1963 Supreme Court decision in Brown v. Frontier Theatres, Inc., 369 S.W. 2d 299. We find no merit in the points in this category, and they are overruled.

Having examined all points of error and overruled the same, the judgment of the trial court is affirmed.