**Charles WYNN et ux., Appellants,**

**v.**

**STATE of Texas ex rel. WICHITA COUNTY, Appellee.**

**No. 16948.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 13, 1968.

Hultgren, Vaughan, Jewell, Kolb & Ivy, and Frank R. Jewell and Dennis E. Alvoid, Dallas, for appellants.

Timothy D. Eyssen, County Atty., Robert Ziesenheim and George W. Anderson, Jr., Asst. County Attys., Wichita Falls, for appellee.

## OPINION

LANGDON, Justice.

This is an appeal from an order overruling a plea of privilege in a dependent, neglected child suit filed pursuant to Articles 2330–2337, Vernon's Ann.Tex.Civ. St.

The suit was filed in the Juvenile Court of Wichita County by Joe Sudderth, Supervisor, Wichita County Child Welfare Unit 220. A Guardian Ad Litem was appointed for the child, Dorothy Ann Wynn, a minor approximately 20 months old, who was born to Virginia and Charles Wynn during their marriage. At all times material to this cause the minor child was present in Wichita County, the party filing the written, verified petition was a resident of Wichita County and Virginia and Charles Wynn were residents of Dallas County, Texas.

It is contended on appeal that there is no exception to the general venue statute in such a suit and that the evidence is insufficient to sustain venue over the defendants in Wichita County.

We affirm.

■ The nature and character of a suit is to be determined from allegations contained in the petition.

An examination of the allegations in the verified petition reflects that the natural mother of the minor child resided in Wichita County until about December 26, 1967, when she went to Dallas where she resides at the same address as her husband who was released from a Federal Penitentiary on December 22, 1967, after 27 months confinement.

The minor child was admitted to the Wichita General Hospital on December 9, 1967, with injuries allegedly inflicted by one Lawrence C. Jernigan with whom the mother was cohabiting; that Jernigan abused the child on one previous occasion. It is also alleged that the mother has three older children, none of whom reside with her; that she has failed to provide adequate protection for the child from physical abuse.

It is apparent from the pleadings that this is not a custody case or one to readjudicate custody as was involved in Thrash v. Cochran, 360 S.W.2d 587 (San Antonio Civ.App., 1962, no writ hist.); Duncan v. Duncan, 300 S.W.2d 149 (Austin Civ.App., 1957, dism.); Fowler v. Fowler, 292 S.W. 2d 800 (Eastland Civ.App., 1956, no writ hist.); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953); Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940); or Adams v. Messer, 335 S.W.2d 676 (Amarillo Civ.App., 1960, dism.).

The statutory provisions under which the proceedings here involved were initiated read in part as follows:

"Art. 2330. (2184) 'Dependent or neglected child'

"The term 'dependent child' or 'neglected child' includes any child under sixteen years of age * * * who has not proper parental care or guardianship, * * * or who is found living * * * with any vicious or disreputable person, or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such child; * * *.

"Art. 2331. (2186) Who may institute proceedings

"Any person who is a resident of the county, having knowledge of a child in his county who appears to be a 'dependent' or 'neglected' child may file with the district clerk of his county a written petition, setting forth the facts constituting the child 'dependent' or 'neglected;' which petition shall be verified by the affidavit of the petitioner. It shall be sufficient, if the affidavit shall be upon information and belief. * * *

"Art. 2332. (2187) Citation

"Upon the filing of such petition, the judge of said court shall fix the day and time for the hearing of such petition. If it appears that one or both of such parents, * * * reside in said county, the clerk of said court shall immediately issue citation; which citation shall include a copy of the petition, which shall be served on such parent, parents, or guardian, if any, if either can be found in said county, not less than two days before the time fixed for said hearing, requiring them to appear

on said day and hour to show cause, if any, why such child should not be declared by said court to be a 'dependent' and 'neglected' child. Such citation shall be served by the sheriff or any constable of the county. * * *"

Articles 2333, 2334, 2336, and 2337, V.A. T.S., contain provisions relating to the "Hearing," "Jury," "Disposition of child," and "Custody of child," respectively.

In the case of In re Peck, 388 S.W.2d 326 (El Paso Civ.App., 1965, no writ hist.), involving a similar suit under Articles 2330–2337, it was stated: "Thus it is seen that the principal provisions bestowing upon the district court jurisdiction to determine, upon a verified petition, a case involving a dependent or neglected child is that the child be under the age of sixteen years whose home is an unfit place for such child, and that the petitioner be a resident of the county and have knowledge of a child in such county who appears to be a dependent or neglected child. As stated in Sanchez v. Garcia, 278 S.W. 868 (Tex.Civ.App., 1925; n. w. h.) such statutory proceedings are fundamentally different in nature and procedure from the ordinary proceeding to determine, as between individual claimants, the proper custody and control of minor children.

"In the instant case all the statutory requirements for jurisdiction appear from the record to have been met. Prior to these proceedings, the residence and domicile of the child and her appellant-mother seem to have been in the State of New Mexico. But at the time of institution of proceedings the child was temporarily in Texas, * * * in the county where the petition was filed. It may be true that the alleged occurrences which would make the child's home an unfit place for her took place in New Mexico, but this does not seem to preclude jurisdiction in the Texas court of the county wherein the child was present at the time of the filing of petition * * *."

It was stated in Sanchez v. Garcia, supra, that "the trial court appears to have confused the statutory proceedings for the adjudication and disposition of dependent and neglected children (articles 2184 et seq., R.S.1911) with an ordinary habeas corpus proceeding to determine, as between individual claimants, the proper custody and control of minor children. The two proceedings are fundamentally different in nature and procedure, although both involve interference with the relation of parent and child, and ought in all cases to be pursued with strict regard for that relation and its preservation against the usurpation of strangers.

"In the statutory proceeding for the disposition of neglected and dependent children, any resident of the county having knowledge of the facts may verify and file in the proper court a petition for the adjudication of an infant as a 'neglected' or 'dependent' child; and such verified petition is essential to the validity of the proceeding." In the Sanchez case the court found that since no such verified petition was filed or prosecuted as provided by the statutes referred to and was marked by none of the attributes of the statutory proceeding it was therefore not brought within the purview of those statutes. The case therefore was one between individual claimants to custody of the child rather than a statutory proceeding for the adjudication and disposition of dependent, neglected children, which latter proceeding is "fundamentally different in nature and procedure."

The case under consideration has all of the attributes of the statutory proceeding to determine whether or not the minor child is "neglected" or "dependent". The petition was verified. It was filed in Wichita County where the child (under 16 years of age) was present by a resident of that county. It was not a suit to determine as between individual claimants the proper custody and control of the minor as in the typical habeas corpus proceeding relating to custody or change of custody.

In McDonald Texas Civil Practice, Vol. 1, § 4.37, Other Statutory Exceptions, it is stated: "Subdivision 30 of Art 1995

provides that '(w)henever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given.' Scattered through the statutes are numerous provisions designating, in mandatory or permissive terms, the county where particular types of actions may or shall be brought. Some of these, though phrased as venue provisions, are in essence jurisdictional. Where the provision in truth is one of jurisdiction, conferring power over a particular subject matter upon designated courts, it can not be waived even by the consent of the parties. Others, though discussed in terms of venue, are held to be controlled by the provisions of the basic statute itself, and not to be swept into the routine plea of privilege-controverting affidavit procedure by virtue of subsection 30 of Art 1995. The omnibus language of subdivision 30, quoted above, is in mandatory terms, but in this sense it applies only to such venue provisions as are given mandatory phrasing in their own frame. Subdivision 30, therefore, does not convert a merely permissive venue provision, wherever it may be found, into a mandatory prescription. Given a venue exception, the burden rests upon the plaintiff to establish the determinative venue facts."

■ Articles 2330–2337, V.A.T.S., supra, were written into law to provide protective custody for children who require protection, support and care. The statutes authorize a summary proceeding by which the legislature sought to provide a swift means to safeguard the health and lives of children absent any provision for the routine plea of privilege-controverting affidavit procedure. The statutes in question provide for prompt action by the court whether the parents reside in or outside the county. This statutory proceeding takes precedence over any determination of the parent's rights to custody.

In De Witt v. Brooks, 143 Tex. 122, 182 S.W.2d 687 (1944), the court in discussing the statutes relating to a dependent, neglected child case said:

"It will be noted that the statute, Article 2332, authorizes the court to adjudge a child to be a dependent child upon a proper showing, without notice to the parents, where the parents are out of the county. The power of the State to so adjudge a child to be dependent where the facts warrant it, without notice to the parents where they are inaccessible, must necessarily exist because of the exigencies of the case. Children of tender years who have been abandoned or neglected and are in distress cannot wait for attention indefinitely while search is being made throughout the country for their parents and service is had on them. Delay might be ruinous. It is a matter of importance that action be taken at once for the protection of the child. Some one must be given authority to take possession and custody of the child at once and supply its needs. The Legislature in recognition of the need of prompt action in such cases has provided for summary proceedings for the taking of such children into custody and the awarding of the custody thereof to a suitable person or institution for the protection of the children.

"It is generally held that a statute authorizing such summary proceedings without notice to the parents is constitutional, and that a decree entered in accordance therewith is valid subject only to the right of the parents or guardian who were without notice thereof to a full hearing in a subsequent proceeding on the issue as to whether the child was, in fact, a dependent and neglected child. (Authorities cited.) This question was discussed in the case of Allen v. Williams, 31 Idaho 309, 171 P. 493, 494. That case involved a delinquency proceeding, and not a dependency proceeding, but the rule in this respect is the same. It was there said: 'The plaintiff is proceeding under the impression that due process of law requires that the determination of the parent's rights to the custody of his child must precede any interference therewith. This view cannot be sustained.

Our statute was enacted as a matter of protection to the child and for the welfare of the state. The Legislature, in enacting this law, no doubt saw the wisdom of prompt commitment of a child, who is upon the high road to becoming a moral degenerate and perhaps a future charge upon and a disgrace to the state. To drag such a case through a lengthy and formal criminal or civil proceeding, without prompt detention and commitment of the child, would in many cases thwart the object of the law. It might in many cases be a matter of high importance that action be taken without delay.

" 'The Legislature having determined that a summary proceeding was necessary, requiring the immediate taking of children into custody in the interest of their moral welfare and education and as a protection to the state, the parent or guardian of a child removed from his custody is not denied the due process of law if an adequate remedy is available by which he may afterwards have his rights presented to a proper tribunal and determined.'

"But where the parents are without notice of the proceedings, they must be allowed a full hearing in a subsequent proceeding on the issue of whether sufficient facts existed as to authorize the entry of the judgment of dependency. (Authorities cited.)"

We disagree with the suggestion that because the statutes involved are silent as to venue that the Legislature intended the general venue statute to control.

In De Witt v. Brooks, supra, the court in discussing Allen v. Williams, supra, an *Idaho* case, stated that the case involved a delinquency rather than a dependency proceeding but that the rule in this respect is the same.

If this be so and it appears to us that it should be since both statutes seek to protect our children and society then it can be argued that Sec. 7–A (Venue) of Art. 2338–1, V.A.T.S. (Delinquent Children) would have some application. An action under the delinquency statutes does certainly involve interference with the relation of parent and child and custody of the latter.

■ In our opinion the provisions of the statutes in question are jurisdictional and confer power upon the courts designated therein to determine whether a child is dependent-neglected upon the filing of a proper petition in compliance with the statutes which was done in the case at bar. Once the jurisdiction of the court is invoked it has the power to make its determination. Hays v. Old, 385 S.W.2d 464 (Texarkana Civ.App., 1964, ref. n. r. e.). In the Hays case a motion for change in venue was filed and following a hearing was overruled.

" * * * when a child has been adjudged to be dependent and neglected under the provisions of Art. 2330, et seq., a writ of habeas corpus or other proceeding involving the custody of the same child will not lie in any other court than that which made the adjudication although such other court may be clothed with jurisdiction of such cases. Cook v. Gregg, 1949 (Tex.Civ. App., Amarillo), 226 S.W.2d 146, error refused." Large v. Jackson, 374 S.W.2d 748 (Fort Worth Civ.App., 1964, no writ hist.).

"To drag such a case through a lengthy and formal criminal or civil proceeding, * * * would in many cases thwart the object of the law. * * *" De Witt v. Brooks, supra.

In our opinion the plea of privilege-controverting affidavit procedure constitutes such a "drag" and could cause a ruinous delay where prompt action is required for protection of the child involved.

■ Holding as we do that the general venue statute, Art. 1995, V.A.T.S., does not control in a dependent, neglected child case filed pursuant to Articles 2330–2337, V.A. T.S., we therefore overrule all points of error and affirm the judgment of the trial court.

*Affirmed.*