ACCEPTED
01-15-00663-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/26/2015 11:46:52 AM
CHRISTOPHER PRINE
CLERK

# №. 01-15-00663-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/26/2015 11:46:52 AM
CHRISTOPHER A. PRINE
Clerk

_____

IN THE
COURT OF APPEALS
FOR THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

_____

DEVON WILMINGTON,
Appellant,

v.

BAY AREA UTILITIES, LLC,
Appellee.

On Appeal from the County Civil Court at Law Cause №. 3
Trial Court Case №. 1057183

_____

**APPELLEE'S BRIEF**
_____

TIMOTHY J. HENDERSON
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

COUNSEL FOR APPELLEE

October 26, 2015

## (a)  Identity of Parties and Counsel

For Devon Wilmington ("***Wilmington***"), Pro Se, Appellant:

Devon Wilmington
P.O. Box 19547
Sugarland, TX  77496-9547
832.754.6152
devonwilmington@yahoo.com

For Bay Area Utilities, LLC ("***Bay Area***"), Appellee:

Timothy J. Henderson
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

The Reporter's Record of the Trial proceeding will be referenced by the abbreviation "RR" followed by the name of the witness, if pertinent, the volume, the page and the line numbers, or, "RR" followed by the trial exhibit number, a document description, the volume and the page number(s).  There are 3 volumes in the Reporter's Record.

The official Trial Court Clerk's Record will be referenced by the abbreviation "CR" followed by identification of which of the Clerk's Records is being referenced, if necessary, and then to the cited page numbers. There is 1 Volume of the Clerk's Records. There is also 1 volume of the Indigent Clerk's Records but it is not referenced in this brief.

# (b)  Table of Contents

(a)  Identity of Parties and Counsel...................................................................... ii

(b)  Table of Contents ....................................................................................... iv

(c)  Index of Authorities..................................................................................... v

(d)  Statement of the Case................................................................................ 1

(e)  Statement of Jurisdiction ........................................................................... 1

(f)  Issues Presented ........................................................................................ 2

(g)  Statement of Facts ..................................................................................... 2

(h)  Summary of the Argument......................................................................... 3

(i)  Argument.................................................................................................... 4

ISSUE 1:  The Court correctly granted the Final Judgment on July 27, 2015 as Bay Area had the superior right to possession of the Real Property.                                                                          4

ISSUE 2:  The issue of possession of the Real Property, at this time, is moot.                                                                                                       10

ISSUE 3:  The Trial Court had Jurisdiction.                                                 11

ISSUE 4:  The monetary judgment against Albert Reff was not appealed and is therefore a final judgment and Wilmington has not contested the monetary judgment.                                             13

(j)  Prayer......................................................................................................... 14

NOTICE OF ELECTRONIC FILING................................................................. 15

CERTIFICATE OF SERVICE ........................................................................... 15

CERTIFICATE OF COMPLIANCE................................................................... 16

## (c) Index of Authorities

**Cases**

*Barnes v. Raymer*,
214 S.W.2d 341 (Tex. App. – Eastland 1948, no writ)........................................10

*Crawford v. McDonald*,
88 Tex. 626, 33 S.W. 325, 328 (1895) ...................................................................8

*Fandey v. Lee*,
880 S.W.2d 164 (Tex. App. – El Paso 1994, writ denied)....................................6

*Guerrero v. Memorial Turkey Creek, Ltd.*,
No. 01-09-00237-CV, 2011 WL 3820841, at *2 (Tex. App. –
Houston [1st Dist.] August 25, 2011, no pet.) (mem. op.)...................................13

*Jackson v. Slaughter*,
185 S.W.2d 759 (Tex. Civ. App.-Texarkana 1944, writ ref'd
w.o.m.).....................................................................................................................9

*Krull v. Somoza*,
879 S.W.2d 320 (Tex. App. – Houston [14th Dist.] 1994, writ
denied) (emphasis in original)................................................................................5

*Marshall v. Housing Auth. of City of San Antonio*,
198 S.W.3d 782 (Tex. 2006) ................................................................... 4, 10, 11

*Martinez v. Beasley*,
572 S.W.2d 83 (Tex. App. – Corpus Christi 1978, no writ)................................11

*Meyers v. Baylor University*,
6 S.W.2d 393 (Tex. Civ. App. – Dallas 1928, writ ref'd)...................................10

*Mortensen v. Mortensen*,
186 S.W.2d 297 (Tex. Civ. App. – San Antonio 1945, no writ).........................10

*Murphy v. Countrywide Home Loans, Inc.*,
199 S.W.3d 441 (Tex. App. – Houston [1st Dist.] 2006, pet denied)....................6

*Nat'l Collegiate Athletic Ass'n v. Jones*,
1 S.W.3d 83 (Tex. 1999)......................................................................................11

*Paselk v. Rabun*,
293 S.W.3d 600 (Tex. App. – Texarkana 2009, no pet.) .....................................13

*Ramco Oil & Gas, Ltd. v. Anglo-Dutch (Tenge) L.L.C.*,
171 S.W.3d 905 (Tex. App. – Houston [14th Dist.] 2005, order).........................8

*Rice v. Pinney*,
51 S.W.3d 705 (Tex. App.—Dallas 2001, no pet.)................................................8

*Scott v. Hewitt*,
127 Tex. 31, 90 S.W.2d 816, 818-19 (1936).......................................................7

*Vickery v. Commission for Lawyer Discipline*,
5 S.W.3d 241 (Tex. App. – Houston [14th Dist.] 1999, pet denied).....................9

*Williams v. Lara*,
52 S.W.3d 171 (Tex. 2001)..................................................................................11

*Williams v. Tooke*,
116 S.W.2d 1114 (Tex. App.-Texarkana 1938, writ dism'd) ................................8

## Statutes

TEX. PROP. CODE ANN. § 24.002.............................................................................10

TEX. PROP. CODE ANN. §§ 24.001-24.011 .............................................................10

Texas Property Code §24.006..................................................................................5

Texas Property Code Sections 24.001-24.008.........................................................5

## Rules

Tex. R. Civ. P. 746.................................................................................................4

Texas Rule of Civil Procedure 738.........................................................................4

Texas Rule of Civil Procedure 746.........................................................................5

Texas Rule of Civil Procedure 752.........................................................................5

## (d)  Statement of the Case

This is forcible detainer case.  The real property involved is 12951 Iris Garden Lane, Houston, Texas 77044 (the "***Real Property***").

Appellant/Defendant is Wilmington.

Appellee/Plaintiff is Bay Area.

Another Defendant is Wilmington's husband, Albert Reff ("***Reff***"), another occupant at the Real Property.  Reff is personally named in the Trial Court's Judgment.  Reff is listed in Appellant's Brief as an appellant presumably represented by Wilmington.  Reff did not file a notice of appeal.

The case was tried to the County Court which rendered a judgment on July 27, 2015 (CR, Vol. 1, Pages 129-30).  Both Wilmington and Reff participated as defendants in the trial (See, e.g., RR, Vol 2, Page 5, lines 9-17; Vol. 2, Page 42, Line 21 to Page 43, line 7).

Wilmington filed a notice of appeal pro se (CR, Vol. 1, Pages 131-32).

## (e)  Statement of Jurisdiction

The Appellate Court has jurisdiction of the District Court Appeal.  TEX. R. APP. P. §25.1(b).

_____

## (f) Issues Presented

ISSUE 1: The County Court correctly granted the Final Judgment on July 27, 2015 as Bay Area had the superior right to possession of the Real Property.

ISSUE 2: The issue of possession of the Real Property at this time is moot.

ISSUE 3: The Trial Court had jurisdiction.

ISSUE 4: The monetary judgment against Albert Reff was not appealed and is therefore a final judgment and Wilmington has not contested the monetary judgment.

## (g) Statement of Facts

Wilmington's mortgagor on the Real Property was Ryland Mortgage Company ("***Ryland***") (RR, Vol. 3, Pages 7-17, Plaintiff Ex. 2, Deed of Trust). Wilmington defaulted on her payments to Ryland (RR, Vol. 3, Pages 20-34, Plaintiff Ex. 4, Substitute Trustee's Deed). On July 1, 2014, Ryland foreclosed (RR, Vol. 3, Pages 20-34, Plaintiff Ex. 4, Substitute Trustee's Deed). Nationstar Mortgage LLC ("***Nationstar***") was the purchaser at the foreclosure sale (RR, Vol. 3, Pages 20-34, Plaintiff Ex. 4, Substitute Trustee's Deed).

On July 31, 2015, Nationstar sold the Real Property to Bay Area. (RR, Vol. 3, Pages 3-6, Plaintiff Ex. 1, Warranty Deed).

_____

Appellant/Defendant Wilmington and her husband Albert Reff refused to abandon the Real Property.  (RR, Vol. 3, Pages 35-39, Plaintiff Ex. 5, Notice to Vacate Letter).

Bay Area filed a petition for forcible detainer (CR, Vol. 1, Pages 4-31 and CR, Vol. 1, Pages 120-28).

The case was tried in the County Court which rendered a judgment on July 27, 2015 (CR, Vol. 1, Pages 129-30).  The Court found that Bay Area was entitled to possession of the Real Property.  Bay Area was entitled to a monetary judgment against both Devon Wilmington and Albert Reff for (i) lost rent of $37,020.00, (ii) court costs of $111.00 and (iii) reasonable attorney's fees of $14,422.79 with an additional $7,500.00 if Devon Wilmington appeals unsuccessfully.  This is a total in the amount of $59,053.79 (with the appeal to the Court of Appeals) (CR, Vol. 1, Pages 129-30).

## (h)  Summary of the Argument

The Court correctly granted the final judgment? in the County Court's July 27, 2015 Order.

The issue of possession found in the County Court's July 27, 2015 Order is moot as no supersedeas bond was filed.

Albert Reff did not appeal. Therefore, the monetary judgment in the County Court's July 27, 2015 Order against Albert Reff is a final judgment.

**(i) Argument**

ISSUE 1: The Court correctly granted the Final Judgment on July 27, 2015 as Bay Area had the superior right to possession of the Real Property.

Bay Area had the warranty deed to the Real Property. Bay Area's superior right to possession of the property is the result of its claim to ownership of the Real Property, not as a landlord under a lease. Wilmington lost all rights to the Real Property at the time of the foreclosure sale per her Deed of Trust.

The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated. See Tex. R. Civ. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006).

An eviction suit is governed by Chapter 24 of the Texas Property Code entitled "Forcible Entry & Detainer" and also Texas Rules of Civil Procedure 738 through 755 entitled "Section 3. Forcible Entry & Detainer".

Texas Rule of Civil Procedure 738 provides "A suit for rent may be joined with an action of forcible entry and detainer…." Expressed in this rule, and implied in many other rules, is the concept that in addition to the eviction, a landlord may

_____
4

recover past due rent.

Texas Rule of Civil Procedure 746 provides "In case of forcible entry or of forcible detainer under Sections 24.001-24.008, Texas Property Code, the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated."

Texas Rule of Civil Procedure 752 provides: "On the trial of the cause in the county court the appellant or appellee shall be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal. Damages may include but are not limited to loss of rentals during the pendency of the appeal and reasonable attorney's fees…." "Damage claims *related to* maintaining or obtaining possession of the premises may be joined with the detainer action and litigated in the county court. However, damages for other causes of action … are *not* recoverable in a forcible entry and detainer action." *Krull v. Somoza*, 879 S.W.2d 320, 322 (Tex. App. – Houston [14th Dist.] 1994, writ denied) (emphasis in original).

Texas Property Code §24.006 entitled "Attorney's Fees & Costs of Suit" provides for recovery of reasonable attorney's fees from the tenant.

In other words, the County Court considered exactly what should have been considered in a forcible detainer case, nothing more and nothing less.

As to Wilmington's references to Tex. Prop. Code §24.002(a)(2), Wilmington became a tenant at sufferance after the foreclosure sale. "In the absence of a legally enforceable agreement, such as a lease or rental agreement or a contract to sell, an occupier of premises is at best a tenant at sufferance and at worst a trespasser. Under such circumstances, the record title owner of the premises would be entitled to possession…." *Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App. – El Paso 1994, writ denied). See also, *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App. – Houston [1st Dist.] 2006, pet denied) (Even a permissive tenant right to possession is inferior to that of the party holding title).

As to Wilmington's references to Tex. Prop. Code §24.005(a) and (b), Bay Area provided Wilmington with a notice to vacate (RR, Vol. 3, Pages 35-39, Plaintiff Ex. 5, Notice to Vacate Letter). Appellant/Defendant Wilmington and her husband Albert Reff simply refused to leave the Real Property despite having no lease or contract to the contrary.

As to Wilmington references to Tex. Prop Code 51.002, Wilmington's argument relates to whether a landlord-tenant relationship existed. What Wilmington is actually trying to argue is that there was an unclear chain of title, and therefore the landlord/tenant relationship could not be established. To rule in favor of Wilmington would contradict years of case law, and the intent of the legislature

which purposefully enacted a system where attacks on the validity of a substitute trustee's sale must be brought in District Court.

In rejecting the argument now asserted by the Appellant in the present case, the one court reviewed the pertinent case law as follows:

Contrary to appellants' assertions, not only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system. In *Scott v. Hewitt*, [127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936)] the Supreme Court was asked by certified question to determine whether a provision in a deed of trust that made a defaulted grantor a tenant at sufferance was valid and able to support a forcible detainer action. 90 S.W.2d at 818. After concluding that the provision was valid, the Supreme Court stated:

If [grantors] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible. The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to

the possession of premises, *without resorting to an action upon the title*. This [forcible detainer] action allowed by law *is not exclusive, but cumulative*, of any other remedy that a party may have in the courts of this state. *Scott*, 90 S.W.2d at 818-19 (emphasis supplied).

*Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) (footnote omitted).

The Court of Appeals should consider the rulings of the County Court at Law under the 'abuse-of-discretion' standard. *Ramco Oil & Gas, Ltd. v. Anglo-Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909-10 (Tex. App. – Houston [14th Dist.] 2005, order).

Public policy favors the validity of judgments. See *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 328 (1895). Thus, there is a general presumption of validity extending to the judgments of courts of general jurisdiction. Without such a presumption, a court's judgment would have very little import and "there would be no end to troublesome litigation." See *Williams v. Tooke*, 116 S.W.2d 1114, 1120 (Tex. App.-Texarkana 1938, writ dism'd).

"[A] judgment, the final action taken by a court of competent jurisdiction in disposing of matters properly before it, is of such solemn import and of such supreme

---

importance that every intendment should be given it in order to sustain its validity, that to give further emphasis to the thought would be almost a matter of triteness. Judgments constitute the considered opinion of courts; they are judicial acts with the primary objective in view of concluding controversies with as high a degree of exact Justice as it is humanly possible to do. When an attack is made upon a judgment, whether directly or collaterally, all presumptions consonant with reason are indulged in order to uphold the binding effect of such judgment." *Jackson v. Slaughter*, 185 S.W.2d 759, 761 (Tex. Civ. App.-Texarkana 1944, writ ref'd w.o.m.)

"Moreover, the presumption of validity extends to judgments derived with or without the benefit of a jury." *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App. – Houston [14th Dist.] 1999, pet denied). In fact, the presumption of validity is perhaps even stronger in a bench trial where an experienced Judge exercises the functions of a jury and is charged with the responsibility of assessing the credibility of the witnesses, logically evaluating the evidence, rationally resolving factual disputes on the basis of such evidence, and correctly applying the law to the facts. See *Mortensen v. Mortensen*, 186 S.W.2d 297, 299 (Tex. Civ. App. – San Antonio 1945, no writ); *Meyers v. Baylor University*, 6 S.W.2d 393, 395 (Tex. Civ. App. – Dallas 1928, writ ref'd). These things the trial court is presumed to have done because the Judge is assumed to have conscientiously

done his duty. See *Barnes v. Raymer*, 214 S.W.2d 341, 343 (Tex. App. – Eastland 1948, no writ).

ISSUE 2: The issue of possession of the Real Property, at this time, is moot.

The judgment for possession cannot be reversed at this time.

Further, on this sole issue, the entire appeal may be moot.

In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, is the action of forcible detainer. TEX. PROP. CODE ANN. § 24.002. A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Housing Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); see TEX. PROP. CODE ANN. §§ 24.001-24.011.

Pursuant to §24.007 of the Texas Property Code, a judgment of possession in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE ANN. §24.007. Thus, if a proper supersedeas bond is not filed, the judgment of possession may be enforced, including issuance of a writ of possession evicting the tenant from the premises. *Marshall*, 198 S.W.3d at 786. An appellant's failure to supersede the judgment of possession does not divest the appellant of her right to appeal. Id. at 786-87. But it may cause her appeal to be moot. See id. at 787.

_____

10

Wilmington did not filed a supersedeas bond. Bay Area has exercised its right under the judgment to obtain a Writ of Possession and Bay Area now has the Property (CR, Vol. 1, Pages 129-30).

Wilmington did not contest in her brief on appeal anything associated with the damages found in the judgment, making her appeal moot.

The Court is prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

ISSUE 3: The Trial Court had Jurisdiction.

The legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively.

In *Martinez v. Beasley*, 572 S.W.2d 83 (Tex. App. – Corpus Christi 1978, no writ) the appellate court was charged with determining whether a district court properly sustained a plea to its jurisdiction in a suit to cancel a trustee's deed. Id at 84. The district court had concluded it was jurisdictionally barred from hearing the suit because a justice court previously awarded possession of the premises pursuant to the challenged trustee deed. In concluding the district court erred in granting the plea to its jurisdiction, the Corpus Christi Court of Appeals stated: "[A] judgment

_____

11

of possession in a forcible detainer action is a determination only of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. Therefore, in this case, plaintiffs have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of defendant's award of possession of the premises in the forcible detainer action, which determined the right to immediate possession of the premises, and nothing else. An action in forcible detainer in the justice court is one thing, and an action in the district court to determine whether a trustee's deed to the premises involved in the forcible detainer action should be set aside is something else. *Martinez*, 572 S.W.2d at 85.

In this case there is no issue of title that must be determined prior to a determination of whether Bay Area is entitled to immediate possession of the Property. Wilmington by her own brief (Appellant's Brief, Pages 13-14, paragraphs 26 and 27) admits she was a tenant at sufferance after the foreclosure sale on July 1, 2014. Bay Area is entitled to obtain a prompt determination of its right to immediate possession in the County Court at Law, just as Wilmington is entitled to pursue her title claims in District Court.

ISSUE 4: The monetary judgment against Albert Reff was not appealed and is therefore a final judgment and Wilmington has not contested the monetary judgment.

Significantly, Devon Wilmington was the only pro se party to file a notice of appeal. Albert Reff cannot bootstrap onto Devon Wilmington's Notice of Appeal or derive any relief from the results, if any, of Devon Wilmington's appeal. A person proceeding pro se cannot file a notice of appeal on behalf of another person. See *Guerrero v. Memorial Turkey Creek, Ltd*., No. 01-09-00237-CV, 2011 WL 3820841, at *2 (Tex. App. – Houston [1st Dist.] August 25, 2011, no pet.) (mem. op.) (an appellant proceeding pro se could not file notice of appeal on behalf of second appellant); *Paselk v. Rabun*, 293 S.W.3d 600, 605 (Tex. App. – Texarkana 2009, no pet.) (holding notice of appeal filed by one pro se litigant on behalf of himself and second pro se litigant, who did not sign the notice, was not proper as to non-signing litigant and dismissing second litigant's appeal for want of jurisdiction).

As noted above, Wilmington did not contest in her brief on appeal anything associated with the damages found in the judgment.

_____
13

## (j)  Prayer

THEREFORE, Bay Area requests that the Court AFFIRM the Final Judgment of the County Court.

Respectfully submitted this 26th day of October 2015.

By: _____

Timothy J. Henderson
State Bar No. 09432500
6300 West Loop South, Suite 280
Bellaire, Texas 77401-2905
713.667.7878
713.668.5697 (fax)
timjhenderson@msn.com

ATTORNEY FOR
BAY AREA UTILITIES LLC

CO-COUNSEL:

Joseph P. Montalbano
State Bar No. 14279700
2525 Bay Area Blvd., Suite 310
Houston, Texas 77058
(281) 488 1656
(281) 488 5884 (fax)

_____
14

## NOTICE OF ELECTRONIC FILING

I, Timothy J. Henderson, Attorney for Appellee Bay Area Utilities, LLC, certify that I have electronically submitted the foregoing brief for filing in accordance with the Electronic File and Serve System for the First Court of Appeals on October 26th, 2015.

_____
Timothy J. Henderson

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading was served by United States Certified Mail, return receipt requested, postage prepaid, and/or by fax and/or by hand delivery and/or electronically through the electronic filing manager and/or by email by upon all persons or counsel at the address(es) below on the 26th day of October 2015:

Devon Wilmington
P.O. Box 19547
Sugarland, TX  77496-9547
832.754.6152
devonwilmington@yahoo.com

PRO SE

_____
Timothy J. Henderson

_____
15

# CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations.

1.     Exclusive of the portions exempted by TEX. R. APP. P. 9.4(i)(3), this brief contains 3839 words printed in a proportionally spaced typeface. (In the alternative, for briefs prepared in monospaced typeface, you may certify the number of lines of text used).

2.     This brief is printed in a proportionally spaced typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Word software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

_____
Timothy J. Henderson

_____
16